Stephen MORGAN and Joan Morgan, Appellants–Plaintiffs,

v.

Eric BENNER and Richards, Boje & Pickering, Appellees–Defendants.

No. 06A01–9809–CV–344.

Court of Appeals of Indiana.

April 30, 1999.

Rehearing Denied June 30, 1999.

Jon R. Pactor, Indianapolis, Indiana, Attorney for Appellants.

Mark J. Roberts, Julia Blackwell Gelinas, Sandra Boyd Williams, Locke Reynolds Boyd & Weisell, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Plaintiffs–Appellants Stephen Morgan and Joan Morgan ("Morgans") appeal from a summary judgment entered in favor of defendants-appellees Eric Benner and Richards, Boje and Pickering (hereinafter referred to collectively as "Benner").

We affirm.

### ISSUES

The Morgans raise three issues for our review which we consolidate and restate as one dispositive issue:

　　1.　Whether the trial court properly entered summary judgment in favor of Benner because the Morgans failed to meet the two year statute of limitations for legal malpractice claims. Ind.Code § 34–11–2–4.

### FACTS AND PROCEDURAL HISTORY

On or about April 9, 1991, the Morgans retained Benner to represent them in a dispute with their adjacent landowners (the

"Forsts") and a developer. On behalf of the Morgans, Benner filed a "Complaint for Damages and Injunction" and a temporary restraining order against the Forsts and the developer. On July 22, 1992, the court dismissed all of the Morgans' claims and ruled that the only issue before the court was the Forsts' request for damages.

On May 30, 1996, the Morgans filed a legal malpractice suit against Benner. Benner made a motion for summary judgment based upon statute of limitations. Following a hearing, the trial court granted Benner's motion for summary judgment. The Morgans now appeal.

## DISCUSSION AND DECISION

### Standard of Review

■ In reviewing the grant of summary judgment, we apply the same standard as the trial court. Specifically, we must determine whether genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). Neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. All evidence is construed in favor of the non-movant. *Seufert v. RWB Medical Income Properties I Ltd. Partnership,* 649 N.E.2d 1070, 1072 (Ind.Ct.App.1995).

### Statute of Limitations

The Morgans challenge the trial court's entry of summary judgment in favor of Benner by arguing that the court misapplied Indiana's discovery rule for the statute of limitations regarding their legal malpractice claim. Specifically, the Morgans contend that the trial court improperly used the date of one of two interlocutory orders entered against the Morgans for their underlying claim as the triggering event for the statute of limitations for the Morgans' legal malpractice claim against Benner. The Morgans argue that the statute of limitations for their legal malpractice suit could not begin prior to a final judgment because a negative interlocutory order did not provide them with the requisite knowledge for the cause of action to accrue.

The basis of the Morgans' action for malpractice is that Benner negligently advised them to seek a preliminary injunction without disclosing the risks of doing so. In particular, the Morgans claim that they were unaware that Benner's advice to pursue a preliminary injunction was unreasonable and would expose them to the risk of extensive attorney's fees and other damages.

The Morgans retained Benner as counsel because the Morgans believed that their neighbors (the "Forsts") were violating restrictive covenants in the neighborhood by clearing trees in order to build a house. Benner advised the Morgans to file a lawsuit and a preliminary injunction. On April 11, 1991, Benner filed a "Complaint for Damages and Injunction" and a temporary restraining order against the Forsts and the developer. On May 20, 1991, the court granted the preliminary injunction and in its findings of fact stated that it appeared probable that the Morgans would prevail in the trial on the merits of this matter. The Morgans were ordered to post a $20,000 bond, which was secured by their house. The case was moved to a Madison County court which ruled on April 24, 1992, that the Morgans failed to meet their burden of demonstrating their entitlement to injunctive relief. The court dissolved the preliminary injunction and dismissed the Morgans' claims against the Forsts. On July 22, 1992, the Madison County court held that all claims, including those against the developer, were involuntarily dismissed, stating that the only remaining issue before the court was a request by the Forsts for damages. Following a hearing on damages, the court issued a judgment in favor of the Forsts and against the Morgans in the amount of $53,556.00 for various costs incurred by the Forsts as a result of the Morgans' preliminary injunction.

■ In Indiana, statutes of limitation are favored because they afford security against stale claims and promote the peace and welfare of society. *A.M. v. Roman Catholic Church,* 669 N.E.2d 1034, 1037 (Ind. Ct.App.1996). They are enacted upon the presumption that one having a well-founded claim will not delay in enforcing it. *Id.* The

503

defense of a statute of limitation is peculiarly suitable as a basis for summary judgment. *Id.*

The statute of limitation for a claim of legal malpractice is two years. Ind.Code § 34–1–2–2 [recodified at Ind.Code § 34–11–2–4]; *Lambert v. Stark,* 484 N.E.2d 630 (Ind. Ct.App.1985). Further, legal malpractice actions are subject to the "discovery rule," which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another. *Madlem v. Arko,* 592 N.E.2d 686, 687 (Ind.1992). For a cause of action to accrue, it is not necessary that the full extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Doe v. United Methodist Church,* 673 N.E.2d 839, 842 (Ind. Ct.App.1996).

In this case, the Morgans were aware after the July 22, 1992 court order that all their claims had been dismissed. At that time, the Morgans were aware that they had possibly sustained an injury by pursuing a preliminary injunction rather than a declaratory judgment. Therefore, the statute of limitations began to run at the time that the Morgans' claims were dismissed and they became aware that their claims were dismissed. However, the Morgans did not bring their claim against Benner until May 30, 1996, approximately four years after they could have discovered they had a claim against Benner. Although the Morgans argue that they were not aware of the full extent of damages after these interlocutory orders, it is not necessary that the full extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Id.* We find that summary judgment was proper because the Morgans failed to bring their claim within the two year statute of limitation for legal malpractice claims.

## CONCLUSION

The trial court properly entered summary judgment in favor of Benner because the Morgans failed to meet the two year statute of limitations for legal malpractice claims. Ind.Code § 34–11–2–4.

Affirmed.

BROOK, J., and MATTINGLY, J., concur.