Donald L. SHAUM and Nancy V. Shaum, Appellants–Plaintiffs,

v.

Roy McCLURE, JPMorgan Chase Bank, Progressive Engineering, Inc. and Dennis Gobble, Appellees–Defendants.

No. 20A05–0807–CV–413.

Court of Appeals of Indiana.

March 17, 2009.

Paul D. Eash, Elkhart, IN, Attorney for Appellant.

Robert T. Sanders III, Elkhart, IN, Attorney for Appellee.

## OPINION

BROWN, Judge.

Donald L. Shaum and Nancy V. Shaum appeal the trial court's grant of summary judgment to Progressive Engineering, Inc., and Dennis Gobble. The Shaums raise seven issues, which we consolidate and restate as whether the trial court erred by granting summary judgment and determining that the Shaums' claim against Progressive and Gobble was filed outside of the statute of limitations. We affirm.

The relevant facts as designated by the parties follow. In 1988, the Shaums acquired title to Lots 34, 35, 36, 37, and 38 of the Beldon Subdivision in Elkhart County, Indiana. In 1993, the Shaums agreed to sell some of the property to Roy McClure. The Shaums argue that they agreed to sell Lots 34, 35, and a portion of Lot 36 extending 12.5 feet north of the boundary of Lot 35. McClure contends that they agreed on a certain boundary line, resulting in the Shaums agreeing to sell Lots 34, 35, 36, and a portion of Lot 37 extending 12.5 feet north of the boundary between Lot 36 and Lot 37.

In 1993, the Shaums hired Progressive Engineering to perform a survey of the property. Gobble, a surveyor employed by Progressive Engineering, performed the survey and placed boundary stakes in Lot 37 at a point 12.5 feet north of the boundary between Lot 36 and Lot 37. However, the written legal description and written survey prepared by Gobble included only Lots 34, 35, and a portion of Lot 36 extending 12.5 feet north of the boundary of Lot 35.

In 1997, McClure constructed a house and fence on Lot 36 and the disputed portion of Lot 37. In 1999, McClure paid off the land contract, and the Shaums deeded the property to McClure. The deed included the legal description prepared by Gobble. In November 2004, when McClure was attempting to sell the property, he learned of the discrepancy between the stake locations and the legal

description, and his attorney notified the Shaums.

On March 15, 2006, the Shaums filed a complaint to quiet title against McClure and JPMorgan Chase Bank, N.A. On July 6, 2007, the Shaums filed an amended complaint naming Progressive Engineering and Gobble as defendants. Progressive Engineering and Gobble filed a motion for summary judgment, alleging that the Shaums' claim was filed outside of the statute of limitations. The trial court granted the motion for summary judgment as follows:

> The court finds that the applicable statute of limitations is that set forth in IC 34–11–2–4, two (2) years. Additionally, even if the court were to adopt plaintiff's assertions as argued at the hearing, the six (6) year statute of limitations would have tolled in 1999, six (6) years after the survey was conducted. Further, the court notes indications in the file that defendant McClure started construction of his residence in 1997, about ten (10) years before defendants Progressive and Gobble were added to the suit.

Appellant's Appendix at 13. Progressive Engineering and Gobble and the Shaums each filed a motion for entry of final judgment, which the trial court granted. The Shaums then filed a motion to correct error, which the trial court denied.

The issue is whether the trial court erred by granting summary judgment and determining that the Shaums' claim against Progressive and Gobble was filed outside of the statute of limitations. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold*, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974.

Where a trial court enters findings of fact and conclusions thereon in granting a motion for summary judgment, as the trial court did in this case, the entry of specific findings and conclusions does not alter the nature of our review. *Rice v. Strunk*, 670 N.E.2d 1280, 1283 (Ind.1996). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions thereon. *Id.* They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.*

■ The Shaums argue that the trial court applied the wrong statute of limitations. "In Indiana, statutes of limitation are favored because they afford security against stale claims and promote the peace and welfare of society." *Morgan v. Benner*, 712 N.E.2d 500, 502 (Ind.Ct.App. 1999), *trans. denied.* "They are enacted upon the presumption that one having a well-founded claim will not delay in enforcing it." *Id.* "The defense of a statute of limitation is peculiarly suitable as a basis for summary judgment." *Id.* at 502–503. "The nature or substance of the cause of action, rather than the form of the action, determines the applicable statute of limitations." *King v. Terry*, 805 N.E.2d 397, 400 (Ind.Ct.App.2004). "When two statutes of limitations may apply, any doubt should be resolved in favor of applying the longer statute." *Id.*

■ Here, the trial court applied Ind. Code § 34–11–2–4, which provides for a two-year statute of limitations as follows:

"An action for ... (2) injury to personal property ... must be commenced within two (2) years after the cause of action accrues." The Shaums do not dispute that, if the two-year statute of limitations is applicable, the Shaums' action against Progressive Engineering and Goble is untimely. Rather, the Shaums counter that Ind.Code § 34–11–2–7, which provides for a six-year statute of limitations, should be applied.[1] That statute provides: "The following actions must be commenced within six (6) years after the cause of action accrues: ... (2) Actions for use, rents, and profits of real property. (3) Actions for injuries to property other than personal property...." I.C. § 34–11–2–7.

In *Raquet v. Thompson*, 693 N.E.2d 969 (Ind.Ct.App.1998), we applied the two-year statute of limitations to a similar claim against a surveyor. There, the surveyor mistakenly certified that property was not located in a flood plain, and the real estate thereafter was damaged by flood. 693 N.E.2d at 970. The trial court applied a six-year statute of limitations for breach of an oral contract. On appeal, we recognized "surveyors as professionals who can be liable in tort if they fail to exercise reasonable care in the fulfillment of their contractual duties." *Id.* at 971. We concluded that the surveyor's error was "akin to professional malpractice." *Id.* We noted that he provided the purchasers with the survey but performed his duty negligently, which caused damage to the purchasers' property. *Id.* We concluded that the action was "in reality a request for damages suffered as a result of Raquet's

negligent performance, which caused injury to the Thompsons' personal property" and applied the two-year statute of limitations. *Id.* (citing *Craig v. ERA Mark Five Realtors,* 509 N.E.2d 1144 (Ind.Ct. App.1987) (holding that Ind.Code 34–1–2–2(1) (predecessor to Ind.Code § 34–11–2–4) applies when an action is based on a realtor's negligence, as in attorney malpractice suits); *Lakeside, Inc. v. DeMetz,* 621 N.E.2d 1149, 1151 (Ind.Ct.App.1993) (holding that a two-year statute of limitation was applicable for real estate broker malpractice for failure to order a termite inspection); *Butler v. Williams,* 527 N.E.2d 231, 233 (Ind.Ct.App.1988) (holding that an insurance agent was subject to a two-year statute of limitations for malpractice rather than the time period for breach of contract where the insurer failed to recommend a particular type of insurance coverage for the client), *trans. denied* ).

█ The Shaums argue that the two-year statute of limitations of Ind.Code § 34–11–2–4 is inapplicable because their action relates to real property rather than personal property. Thus, they contend that *Raquet* is distinguishable because "personal" property was damaged in *Raquet* and, here, the Shaums argue that damage resulted to their real property. We hold that the two-year statute of limitations applies here as this is a claim for professional malpractice. Further, even if the six-year statute of limitations of Ind. Code § 34–11–2–7 applied, we conclude that the Shaums' action against Progressive Engineering and Gobble was untimely.

---

1. The Shaums argue, alternatively, that Ind. Code § 34–11–1–2, which provides for a ten-year statute of limitations, applies. That statute provides: "(a) A cause of action that: (1) arises on or after September 1, 1982; and (2) is not limited by any other statute; must be brought within ten (10) years." I.C. § 34–11–1–2. However, the ten-year statute of limita-

tion "does not apply whenever a different limitation is prescribed by statute." I.C. § 34–11–1–2(c). Because we conclude that either the two-year statute of limitations or the six-year statute of limitations is applicable, we need not address the Shaums' argument regarding a ten-year statute of limitations.

"Under Indiana's discovery rule, a cause of action accrues, and the statute of limitation begins to run, when a claimant knows or in exercise of ordinary diligence should have known of the injury." *Pflanz v. Foster*, 888 N.E.2d 756, 759 (Ind. 2008). "For an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred." *Cooper Industries, LLC v. City of South Bend*, 899 N.E.2d 1274, 1280 (Ind.2009). Here, the Shaums designated evidence that McClure constructed the house on the disputed real estate in 1997. The Shaums' action against Progressive Engineering and Gobble was not filed until July 2007. We conclude that, in the exercise of ordinary diligence, the Shaums should have known of the land dispute and discovered the survey error in 1997 when McClure constructed his residence on the disputed property. Consequently, even if the six-year statute of limitations applied, the Shaums' 2007 action against Progressive Engineering and Gobble was untimely. *See, e.g., Estate of Verdak v. Butler University*, 856 N.E.2d 126, 133–134 (Ind. Ct.App.2006) (holding that an estate's September 2004 complaint was barred by the statute of limitations because the decedent knew, or in the exercise of ordinary diligence, could have discovered the University's claim in June 1978). The trial court did not err by granting summary judgment to Progressive Engineering and Gobble.

For the foregoing reasons, we affirm the trial court's grant of summary judgment to Progressive Engineering and Gobble.

Affirmed.

ROBB, J. and CRONE, J. concur.