**POWERS & SONS CONSTRUCTION COMPANY, INC., Appellant– Defendant,**

v.

**HEALTHY EAST CHICAGO, Appellee–Plaintiff.**

No. 45A05–0904–CV–204.

Court of Appeals of Indiana.

Dec. 30, 2009.

Janet G. Horvath, Robert M. Edwards, Jr., Jones Obenchain, LLP, South Bend, IN, Attorneys for Appellant.

Christina J. Miller, William J. Emerson, Jr., Lucas, Holcomb & Medrea, LLP, Merrillville, IN, Attorneys for Appellee.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

Powers & Sons Construction Company, Inc. ("Powers & Sons") filed a motion for summary judgment alleging Healthy East Chicago, Inc. ("Healthy East Chicago") filed its complaint outside the applicable statute of limitation. The trial court denied Powers & Sons's motion for summary judgment. Powers & Sons appeals, raising one issue for our review, which we restate as whether the trial court properly denied summary judgment. Concluding the complaint is governed by the ten-year statute of limitation applicable to written contracts and Healthy East Chicago's complaint was filed within that time, we affirm

*Facts and Procedural History*

Healthy East Chicago hired Powers & Sons pursuant to a contract dated December 1, 1997, to serve as the construction manager for the construction of a health service facility in East Chicago, Indiana. The contract contained the following provisions:

1.1 RELATIONSHIP OF PARTIES

The Construction Manager accepts the relationship of trust and confidence established with the Owner by this Agreement, and covenants with the Owner to furnish the Construction Manager's reasonable skill and judgment and to cooperate with the Architect in furthering the interests of the Owner....

* * *

2.1.2 CONSULTATION

... The Construction Manager shall consult with the Owner and Architect regarding site and use improvements, and the selection of materials, building systems and equipment....

* * *

2.1.6 SUBCONTRACTORS AND SUPPLIERS

The Construction Manager shall ... furnish to the Owner and Architect for their information a list of possible subcontractors....

* * *

2.3.2.1 Those portions of the Work that the Construction Manager does not customarily perform with the Construction Manager's own personnel shall be performed under subcontracts or by other appropriate agreements with the Construction Manager. The Construction Manager shall obtain bids from Subcontractors ... from the list previously reviewed and, after analyzing such bids, shall deliver such bids to the Owner and Architect. The Owner shall then determine, with the advice of the Construc-

tion Manager and subject to the reasonable objection of the Architect, which bids will be accepted.... The Construction Manager shall not be required to contract with anyone to whom the Construction Manager has reasonable objection.

* * *

2.4 PROFESSIONAL SERVICES

The Construction Manager shall not be required to provide professional services which constitute the practice of architecture or engineering....

Appellee's Appendix at 11–13. Carras–Szany and Associates, Inc. ("Carras–Szany") provided architectural and engineering services for the facility. Powers & Sons subcontracted the excavation and preparation of the site to Fred Eggers & Sons, Inc., and the concrete work to Walker Construction Company.

At some time after construction was completed in December 1998, Healthy East Chicago noticed cracks in the floors, walls, and ceilings of the building. Healthy East Chicago contacted Powers & Sons and Carras–Szany about the defects and steps were taken to discover the cause. Powers & Sons responded to Healthy East Chicago's concerns by letter dated March 20, 2000, indicating "continuing concrete slab movement should be considered normal and ... continuing minor drywall cracking at exterior walls was the result of normal exterior wall settling." Appendix of Appellant Powers & Sons at 42. Carras–Szany responded to Healthy East Chicago's concerns by letter dated August 14, 2001, recommending "core samples of the concrete slab and subgrade be taken and analyzed." *Id.* A letter dated December 11, 2002, from Carras–Szany to

Healthy East Chicago detailed the results of a meeting at the site between representatives of Carras–Szany and Powers & Sons, as well as a structural engineer. Additional inspections of the building were made in 2004, 2005, and 2006.

On February 15, 2007, Healthy East Chicago filed a complaint against Powers & Sons alleging breach of contract.[1] Specifically, Healthy East Chicago alleged Powers & Sons knew or should have known the proposed building site contained toxic and organic materials and a high water table, it failed to have the toxic and organic materials removed, failed to properly supervise the installation of the concrete slab underlying the building, and failed to warn Healthy East Chicago of the presence of the toxic and organic materials and/or improper installation of the concrete slab could damage the floors, walls, and ceilings of the building. On July 21, 2008, Powers & Sons filed a motion for summary judgment, contending Healthy East Chicago's complaint was governed by a two-year statute of limitation, and further contending there was no genuine issue of material fact that Healthy East Chicago knew of the damage more than two years prior to February 15, 2007. Powers & Sons subsequently filed a motion to strike Healthy East Chicago's response and designation of evidence as untimely. Following a hearing,[2] the trial court entered an order granting Powers & Sons's motion to strike and denying Powers & Sons's motion for summary judgment because "there exist genuine issues as to material fact which would preclude the Court from granting summary judgment." Appendix of Powers & Sons at 18. Powers & Sons then sought and was

---

1. Healthy East Chicago also sued Carras–Szany for breach of contract, but their dispute has been settled.

2. The transcript of the hearing was not requested on appeal.

granted permission to pursue an interlocutory appeal in this court.

### Discussion and Decision

### I. Summary Judgment Standard of Review

Summary judgment is appropriate only when the designated evidence "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). "A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue." *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 318 (Ind.Ct. App.1991).

We review the grant or denial of a motion for summary judgment *de novo. Univ. of S. Ind. Found. v. Baker*, 843 N.E.2d 528, 531 (Ind.2006). We examine only those materials properly designated by the parties to the trial court. *Trietsch v. Circle Design Group, Inc.*, 868 N.E.2d 812, 817 (Ind.Ct.App.2007). We construe all facts and reasonable inferences drawn from them in favor of the non-moving party, *Am. Home Assurance Co. v. Allen*, 814 N.E.2d 662, 666 (Ind.Ct.App.2004), *trans. dismissed*, and resolve all doubts as to the existence of a material issue against the moving party, *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248, 249 (Ind. 1996). The movant has the initial burden of proving the absence of a genuine issue of material fact as to an outcome determinative issue and only then must the non-movant come forward with evidence demonstrating the existence of genuine factual issues that should be resolved at trial. *Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind.1994).

■ The party appealing the trial court's summary judgment decision has the burden of persuading us the decision was erroneous. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 908 (Ind.2001). We are not bound by the trial court's findings and conclusions in support of its summary judgment decision, although "they aid our review by providing the reasons for the trial court's decision." *GDC Envtl. Servs. Inc. v. Ransbottom Landfill*, 740 N.E.2d 1254, 1257 (Ind.Ct. App.2000).

### II. Applicable Statute of Limitations

■ "The defense of a statute of limitation is peculiarly suitable as a basis for summary judgment." *Morgan v. Benner*, 712 N.E.2d 500, 502 (Ind.Ct.App.1999), *trans. denied.* When the movant asserts the statute of limitations as an affirmative defense and makes a prima facie showing the action was commenced outside of the statutory period, the nonmovant has the burden of establishing an issue of fact material to a theory that avoids the affirmative defense. *Ling v. Webb*, 834 N.E.2d 1137, 1140 (Ind.Ct.App.2005).

■ This case turns upon resolution of which statute of limitation applies to Healthy East Chicago's cause of action. Powers & Sons contends the two-year statute of limitation found in Indiana Code section 34–11–2–4 applies and there is no genuine issue of material fact that Healthy East Chicago's cause of action accrued more than two years prior to the filing of its complaint. Indiana Code section 34–11–2–4(2) provides "[a]n action for ... injury to personal property ... must be commenced within two (2) years after the cause of action accrues." Healthy East Chicago contends the ten-year statute of limitation found in Indiana Code section 34–11–2–11 applies; in the alternative, Healthy East Chicago contends the six-year statute of limitation found in Indiana Code section 34–11–2–7 applies. In either

case, Healthy East Chicago contends its complaint was timely. Indiana Code section 34–11–2–11 states: "[a]n action upon contracts in writing other than those for the payment of money ... must be commenced within ten (10) years after the cause of action accrues." Indiana Code section 34–11–2–7(3) provides, in pertinent part: "[a]ctions for injuries to property other than personal property" "must be commenced within six (6) years after the cause of action accrues ...."[3]

■■■ As Powers & Sons correctly points out, "[t]he substance of a cause of action, rather than its form, determines the applicability of the statute of limitation." *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1284 (Ind. 2009). Powers & Sons characterizes Healthy East Chicago's complaint as a "request for damages suffered as a result of Powers & Sons's alleged negligent performance which caused injury to the personal property of Healthy East Chicago." Brief of Appellant at 6. Indiana courts "have consistently viewed 'personal property' in its broad and natural sense" to include goods and chattels as well as "violations to a person's rights and interests in or to such property." *Shideler v. Dwyer*, 275 Ind. 270, 279, 417 N.E.2d 281, 287 (1981); *see Whitehouse v. Quinn*, 477 N.E.2d 270, 272 (Ind.1985) (holding plaintiff's lost opportunity to pursue a tort lawsuit was an interest in personal property). Even in the broad and natural sense of the term, Healthy East Chicago's building is not "personal property," however. "Personal property" refers to property of a "personal or moveable nature as opposed to property of a local or immovable character." *Lowrance v. Lowrance*, 95 Ind.App. 345, 182 N.E. 273, 277 (1932) (citing Black's Law Dictionary); *cf.* Ind.Code § 6–1.1–1–11(a)(6) (defining "personal property" for purposes of the tax code as "all other tangible property ... other than real property."). Permanent structures erected on land are ordinarily considered part of the real estate. *National Mfg. & Eng'g Co. v. Farmers' Trust & Sav. Bank of Kokomo*, 204 Ind. 535, 185 N.E. 146, 148 (1933); *cf. Milestone Contractors, L.P. v. Indiana Bell Telephone Co., Inc.*, 739

**3.** Indiana Code section 32–30–1–5 provides:

An action to recover damages, whether based upon contract, tort, nuisance, or another legal remedy, for ... a deficiency or an alleged deficiency in the design, planning, supervision, [or] construction ... of an improvement to real property [or] an injury to real or personal property arising out of a deficiency ... may not be brought ... unless the action is commenced within ... ten (10) years after the date of substantial completion of the improvement....

Section 32–30–1–5 is a statute of repose rather than a statute of limitation, designed to "protect engineers, architects, and contractors from stale claims and to eliminate open-ended liability for defects in workmanship." *J.M. Foster, Inc. v. Spriggs*, 789 N.E.2d 526, 535–33 (Ind.Ct.App.2003) (applying an earlier version of the statute). Where a statute of limitation requires a lawsuit to be filed within a specified period of time after a legal right has been violated, a statute of repose is designed to bar actions after a specified period of time has run from the occurrence of some event other than the injury which gave rise to the claim. *Kissel v. Rosenbaum*, 579 N.E.2d 1322, 1326 (Ind.Ct.App.1991). Therefore, "a statute of repose might theoretically bar a claim filed within the period allowed by the applicable statute of limitation." *Id.* A statute of repose sets a maximum time limit for commencing an action without expanding the statute of limitation applicable to the action. *Jordan v. Talaga*, 532 N.E.2d 1174, 1189 (Ind. Ct.App.1989), *trans. denied.* Although section 32–30–1–5 applies in a general sense to Healthy East Chicago's action (Healthy East Chicago's action does allege a deficiency in the construction of an improvement to real property, but it was filed within ten years of substantial completion of the building and therefore the statute of repose does not bar the action), it does not settle the question of what statute of limitation is applicable.

N.E.2d 174, 178 (Ind.Ct.App.2000) (holding underground cables were not personal property but fixtures subject to the six-year statute of limitations of Indiana Code section 34–11–2–7 as "property other than personal property"), *trans. dismissed.* We therefore reject Powers & Sons's contention the two-year statute of limitation applies.

■■■■ We turn then to the question of whether the substance of Healthy East Chicago's action is in contract—allowing for a ten-year statute of limitation—or in tort—imposing a six-year statute of limitation. If the action is in contract, Healthy East Chicago's complaint is clearly within the limitations period, as the complaint was filed within ten years of the construction. If it is in tort, we must examine when the cause of action accrued. In determining the substance of the cause of action, we look to the nature of the harm alleged. *Meisenhelder v. Zipp Exp., Inc.,* 788 N.E.2d 924, 931 (Ind.Ct.App.2003). Powers & Sons contends the action is in tort, citing *Whitehouse,* 477 N.E.2d 270. In *Whitehouse,* the trial court dismissed the plaintiff's complaint alleging his attorney breached a contingent fee contract by failing to secure all relief available to him in a personal injury action by applying the two-year statute of limitation for injury to personal property. On appeal, the plaintiff argued his claim was governed by the then-twenty-year statute of limitation applicable to written contracts. The court, however, agreed with the trial court, holding the essence of the plaintiff's claim was not for injury caused by breach of a promise contained in the contingent fee contract but for injury caused by the lost right to receive money from defendants who were not sued during the attorney's representation; in other words, a lost right to personal property. *Id.* at 272. As our supreme court subsequently noted, however, *White-*

*house* was decided in the context of professional malpractice, an area which is not governed by a specific limitation period. *Lawyers Title Ins. Corp. v. Pokraka,* 595 N.E.2d 244, 247 (Ind.1992). Therefore, *Whitehouse* does not require application of the shorter limitation period in every instance where damage to personal or other property is alleged because "[s]uch an application would be tantamount to judicially repealing" the longer statutes of limitation. *Id.*

■■■■ "[C]ertain professionals, by virtue of the nature of their business, make representations, render opinions, and give advice in the course of performing a contract." *Essex v. Ryan,* 446 N.E.2d 368, 370–71 (Ind.Ct.App.1983); *see Estate of Reasor v. Putnam County,* 635 N.E.2d 153, 161 (Ind.1994) (surveyors); *Lukowski v. Vecta Educ. Corp.,* 401 N.E.2d 781, 786 (Ind.Ct.App.1980) (architects); *Anderson v. Anderson,* 399 N.E.2d 391, 401 (Ind.Ct.App.1979) (attorneys); *Mayhew v. Deister,* 144 Ind.App. 111, 118, 244 N.E.2d 448, 452 (1969) (abstracters). Such professionals may be held liable in tort if they fail to exercise reasonable care in fulfilling their contractual duties. *Estate of Reasor,* 635 N.E.2d at 161. Powers & Sons casts itself in the same class and claims the basis of Healthy East Chicago's complaint is professional negligence. We have never held the responsibility of a general contractor to be akin to that of an attorney or a doctor, however. The relationship between the parties and Powers & Sons's duties and responsibilities as general contractor arose from the contract rather than from a standard of care imposed by law. Healthy East Chicago's complaint seeks to recover damages sustained as a result of Powers & Sons's failure to perform according to the contract; that is, to hire and supervise subcontractors and construct a building conforming to the plans

and specifications suitable for Healthy East Chicago's needs. We therefore hold Healthy East Chicago's complaint is governed by the ten-year statute of limitation applicable to written contracts. The trial court did not err in denying Powers & Sons's motion for summary judgment.[4]

### Conclusion

Healthy East Chicago's claim is for breach of contract and a ten-year statute of limitation applies. As Healthy East Chicago's complaint was filed within ten years after construction was completed, it was timely filed. The trial court's denial of Powers & Sons's motion for summary judgment is affirmed.

Affirmed.

BAKER, C.J., and BAILEY, J., concur.

---

4. We also note that "[w]here either of two statutes of limitations may apply to a claim, any doubt should be resolved in favor of applying the longer limitation." *Wells v. Stone City Bank*, 691 N.E.2d 1246, 1249 (Ind.Ct. App.1998), *trans. denied.*