**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 30 2013, 5:48 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**GERALD W. STATON**
Phoenix, AZ

ATTORNEY FOR APPELLEES
DAWN M. DOBYNS-GROSS AND
TIPPECANOE COUNTY, INDIANA:

**DOUGLAS J. MASSON**
Hoffman, Luhman & Masson, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEES
INDIANA FAMILY SOCIAL SERVICES
AND TIPPECANOE COUNTY
PROSECUTOR:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GERALD W. STATON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1305-CT-412 |
| | ) | |
| DAWN M. DOBYNS-GROSS, | ) | |
| INDIANA FAMILY SOCIAL SERVICES | ) | |
| ADMINISTRATION, TIPPECANOE | ) | |
| COUNTY, INDIANA, and TIPPECANOE | ) | |
| COUNTY PROSECUTOR, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT

**September 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Gerald W. Staton, *pro se*, appeals the trial court's order denying his motion to correct error and the dismissal of his complaint against Dawn M. Dobyns-Gross, Indiana Family Social Services Administration ("FSSA"), Tippecanoe County, Indiana, and the Tippecanoe County Prosecutor's Office (collectively, the "Defendants"). Staton raises six issues, which we consolidate and restate as whether the trial court abused its discretion in denying his motion to correct error or erred in dismissing his complaint. We affirm.

FACTS AND PROCEDURAL HISTORY

In a previous opinion, this court noted the following background facts:

Staton and Michael Lewitz were involved in a romantic relationship from approximately 2001 until 2003, when Lewitz decided to end the relationship. Thereafter, Staton's attempts to contact Lewitz by telephone and by mail were thwarted by Lewitz's friend Donald Lay, Jr. Staton became concerned that Lay was brainwashing Lewitz. Accordingly, Staton petitioned Adult Protective Services of Tippecanoe County ("APS") for an investigation into Lewitz's well-being. Angela Shay, an investigator with APS, looked into the matter and determined that Lewitz was not in need of assistance.

Lewitz petitioned the trial court for an order of protection, which the court granted *ex parte*. Staton then moved the court to order a mental examination of Lewitz and requested a hearing. The trial court conducted a hearing and heard testimony from Staton and Lewitz. The court denied Staton's motion for mental examination and declared that the order of

protection remained "in full force and effect." Transcript at 72. The court also denied Staton's subsequent motions to quash the order of protection.

Appellees' Appendix at 31-32 (citing Staton v. Lewitz, No. 91A02-0608-CV-717 (Ind. Ct. App. Jan. 24, 2007), trans. denied). Staton appealed from the trial court's denial of his motion to quash order of protection, and another panel of this court held in January 2007 that the evidence was sufficient to support the denial of Staton's motion to quash order of protection and affirmed the trial court's ruling. Id.

On November 19, 2012, Staton filed a complaint, in the cause of action from which this appeal arises, seeking compensation for tortious misconduct by Dobyns-Gross, the chief investigator of the Tippecanoe County Prosecutor's Office, "who defamed [him] to [his] employer." Id. at 10. Staton alleged that Dobyns-Gross's "false and reckless allegation that [he] was mentally 'unstable' directly led to continuing negative job actions and ultimate job loss." Id. Specifically, Staton alleged that in October 2005 he reported a case of adult endangerment to Tippecanoe County Adult Protective Services ("TCAPS"); that Dobyns-Gross "encouraged the reported person to seek a protective order against [him] rather than against the person I had identified as possibly exploiting the reported person;" and that Dobyns-Gross threatened him with criminal charges unless he stopped all attempts to communicate with TCAPS. Id. at 14. Further, he alleged that in October 2006, Dobyns-Gross initiated communications with his employer; that he worked as an aircraft dispatcher for U.S. Airways and, until October 2006 when Dobyns-Gross initiated contact with his employer, he enjoyed a good reputation, work record, and performance reviews; that, in a series of telephone and written communications, Dobyns-Gross made defamatory allegations; and that, as a result of her false allegations, he was

3

subjected to intense pressures at work, including a mandated mental examination, temporary removal from safety sensitive duties, and reassignment, culminating in his termination in January 2008 and the related loss of his dispatcher's license.

On December 5, 2012, Dobyns-Gross and Tippecanoe County filed a motion to dismiss and a memorandum in support of the motion which attached eleven exhibits. In the memorandum, Dobyns-Gross and Tippecanoe County argued that "Staton's complaint arises out of acts allegedly committed by Dawn [Dobyns-]Gross that took place more than six years ago," that the claims "are in the nature of torts causing personal injury which, under IC 34-11-2-4 must be commenced within two years after the cause of action accrues," and that by the terms of the complaint Staton "knew that [Dobyns-]Gross had communicated with U.S. Airways, believed that the communication contained false information, and knew that he suffered an adverse employment action in the form of U.S. Airways requiring him to submit to a medical examination and [be] temporarily removed from 'safety sensitive duties.'" Id. at 29-30. They argued that "[t]herefore, . . . Staton knew [Dobyns-]Gross had wronged him and that he had suffered because of that wrongful action." Id. at 30. They also maintained that Staton alleged, in filings in other causes of action, as early as 2007 and through 2009 that Dobyns-Gross and the Tippecanoe County Prosecutor acted wrongfully in an effort to have him terminated from his job and that, therefore, his present claim is time barred. On December 19, 2012, Staton filed a response to the motion to dismiss arguing that it was not until late 2011 that he learned that Dobyns-Gross had defamed him to his former employer and that it was her actions that injured him personally. In January 2013, FSSA and the Tippecanoe

4

County Prosecutor filed a motion to dismiss Staton's complaint and notice of joinder of the December 5, 2012 motion to dismiss and memorandum in support of the motion. On February 21, 2013, the court entered an order granting the motions to dismiss Staton's complaint. Staton filed a motion to correct error, which the trial court denied.

ISSUE AND STANDARD OF REVIEW

The issue is whether the trial court abused its discretion in denying Staton's motion to correct error or erred in dismissing his complaint. We generally review rulings on motions to correct error for an abuse of discretion. Ind. Bureau of Motor Vehicles v. Charles, 919 N.E.2d 114, 116 (Ind. Ct. App. 2009); Speedway SuperAmerica, LLC v. Holmes, 885 N.E.2d 1265, 1270 (Ind. 2008), reh'g denied. An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it, or the reasonable inferences drawn therefrom. Lighty v. Lighty, 879 N.E.2d 637, 640 (Ind. Ct. App. 2008), reh'g denied.

In addressing whether the court erred in dismissing Staton's complaint, we note that the December 5, 2012 memorandum in support of the motions to dismiss included eleven exhibits. We review the Defendants' motions to dismiss as motions for summary judgment. See Ind. Trial Rule 12(B) ("If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."); Carmeuse Lime & Stone v. Illini State Trucking, Inc., 986 N.E.2d 271, 275-276 (Ind. Ct. App. 2013) (noting that the court reviewed exhibits in ruling on the motion to dismiss and

5

that accordingly we reviewed the motion to dismiss as a motion for summary judgment) (citing New Albany-Floyd Cnty. Educ. Ass'n v. Ammerman, 724 N.E.2d 251, 255 n.7 (Ind. Ct. App. 2000) ("Although the trial court specifically granted Holman's motion to dismiss and did not rule on his motion for summary judgment, we must nevertheless treat the former as a motion for summary judgment on review."); Galbraith v. Planning Dep't of City of Anderson, 627 N.E.2d 850, 852 (Ind. Ct. App. 1994) (treating the trial court's dismissal of plaintiff's complaint as a summary judgment for the defendant when plaintiff submitted an affidavit and the trial court acknowledged that it considered matters outside the pleadings)).

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); Mangold ex rel. Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. Mangold, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. Id. We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. Id. at 974. In reviewing a grant of summary judgment we face the same issues as the trial court and follow the same process. Klinker v. First Merchs. Bank, N.A., 964 N.E.2d 190, 193 (Ind. 2012). Under Trial Rule 56(C), the moving party bears the burden of making a *prima facie* showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Id. If it is successful, the

burden shifts to the nonmoving party to designate evidence establishing the existence of a genuine issue of material fact.  Id.

We also note that although Staton is proceeding *pro se,* such litigants are held to the same standard as trained counsel and are required to follow procedural rules.  Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied.  This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal."  Ankeny v. Governor of State of Indiana, 916 N.E.2d 678, 689 (Ind. Ct. App. 2009) (citation omitted), reh'g denied, trans. denied.

## DISCUSSION

"In Indiana, statutes of limitations are favored because they afford security against stale claims and promote the peace and welfare of society."  Morgan v. Benner, 712 N.E.2d 500, 502 (Ind. Ct. App. 1999), reh'g denied, trans. denied.  "They are enacted upon the presumption that one having a well-founded claim will not delay in enforcing it."  Id.  Pursuant to Ind. Code § 34-11-2-4, an action for "injury to person or character" or "injury to personal property" must be "commenced within two (2) years after the cause of action accrues."

Staton maintains in part that his cause of action did not accrue until 2011 and thus that his claim is not barred by the statute of limitations.  Specifically, he asserts that, while he believed that Dobyns-Gross had contacted his employer with malicious intent, he "had no idea that she had made defamatory statements to [his] employer regarding [his] mental stability."  Appellant's Brief at 9.  In their appellees' brief, Dobyns-Gross and Tippecanoe County argue that Staton's claimed lack of knowledge conflicts with his

7

prior judicial admissions and that, in 2007, he alleged in another case that Dobyns-Gross and the Tippecanoe County Prosecutor attempted to use the office of the prosecutor to have his employment terminated resulting in him having to undergo an evaluation in order to be able to return to work. They further argue that Staton, by the terms of his complaint, knew that Dobyns-Gross had communicated with his employer, that he believed the communication contained false information, and that he knew he suffered an adverse employment action. FSSA and the Tippecanoe County Prosecutor, in their separate appellees' brief, joined and adopted the argument of Dobyns-Gross and Tippecanoe County that Staton's claims are barred by the relevant statute of limitations.[1]

"Under Indiana's discovery rule, a cause of action accrues, and the statute of limitation begins to run, when a claimant knows or in exercise of ordinary diligence should have known of the injury." Runkle v. Runkle, 916 N.E.2d 184, 191 (Ind. Ct. App. 2009) (citing Pflanz v. Foster, 888 N.E.2d 756, 759 (Ind. 2008)). The exercise of reasonable diligence means simply that an injured party must act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. Id. at 191-192 (citing Bambi's Roofing, Inc. v. Moriarty, 859 N.E.2d 347, 356 (Ind. Ct. App. 2006)). "The determination of when a cause of action accrues is generally a question of law." Id. at 192 (citing Cooper Indus., LLC v. City of South Bend, 899 N.E.2d 1274, 1280 (Ind. 2009)). "When application of a statute of limitation rests on questions of fact, it is generally an issue for a jury to decide."

---

[1] Because we affirm the dismissal of Staton's complaint on the basis that his claims are barred by the statute of limitations, we need not address the other issues raised by Staton or the Defendants in their briefs.

Id. "The claimant bears the burden of bringing suit against the proper party within the statute of limitations." Id. (citation omitted). "When the movant asserts the statute of limitations as an affirmative defense and makes a prima facie showing that the action was commenced outside of the statutory period, the nonmovant has the burden of establishing an issue of fact material to a theory that avoids the affirmative defense." Id. (citation omitted). "For an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred." Shaum v. McClure, 902 N.E.2d 853, 857 (Ind. Ct. App. 2009) (citing Cooper Indus., LLC, 899 N.E.2d at 1280), trans. denied; see also Shideler v. Dwyer, 275 Ind. 270, 282, 417 N.E.2d 281, 289 (1981) ("For a wrongful act to give rise to a cause of action and thus to commence the running of the statute of limitations, it is not necessary that the extent of the damage be known or ascertainable but only that damage has occurred.").

In his November 13, 2012 complaint, Staton alleged in part that, as a direct result of Dobyns-Gross's false claim that he was mentally unstable, he was "temporarily removed from all 'safety sensitive' duties based on unspecified 'liability issues,' transferred to menial clerical duties, and ordered to submit to a mental examination." Appellant's Appendix at 17. Staton further alleged that "[e]mployer inter-office memos explicitly linked the order to submit to a mental examination to Dobyns-Gross's allegation of mental instability," that "[t]he order directing [him] to submit to a mental examination was issued during a meeting with U.S. Airways Human Resources [] on December 6, 2006," that "[i]n that meeting, [he] was required to answer a false allegation by [Dobyns-]Gross, that [he] had used company resources to contact the protected

9

person," and that "[a]lthough [he] was ordered to submit to a mental exam, U.S. Airways never disclosed [Dobyns-]Gross' allegation of mental instability to [him]." Id. Staton alleged that his employment with U.S. Airways was terminated on January 29, 2008.

In other causes of action, Staton alleged in part in April 2007 in a motion before the Circuit Court of White County, Indiana, that respondents in that action, including Dobyns-Gross, "attempted to use the office of county prosecutor to have him terminated from his job . . . which resulted in [Staton] having to undergo an I.M.E. in order to be able to return to work." Appellee's Appendix at 9. In a pleading filed in that case in June 2007, Staton stated in part that Dobyns-Gross and the Tippecanoe County Prosecutor "have attempted to use their positions to have [him] terminated from his place of employment . . . ." Id. at 22. In June 2008, Staton alleged in part, in a complaint against the U.S. Postal Inspection Service, the U.S. Department of Justice, and the State of Indiana[2] filed in the United States District Court for the District of Arizona, that Dobyns-Gross and the County Prosecutor "used their positions as well as the office of county prosecutor in an attempt to get [him] fired from [his] job . . . ." Id. at 39. On appeal from the judgment against him in that action, Staton argued in his brief filed in July 2009 that his "relationship with his former employer was irreparably damaged, which has greatly affected [his] future earned income," and that Dobyns-Gross and the County Prosecutor used their positions "in an attempt to get [him] fired from [his] job . . . ." Id. at 60.

---

[2] The "Indiana State Court of Appeals" was a named defendant on the caption of the pleading. Appellee's Appendix at 33.

10

Based upon the record, the Defendants have established that Staton knew or in the exercise of ordinary diligence should have known of the allegedly wrongful actions of the Defendants more than two years before he filed his complaint. Further, even if he was unaware of the full extent of the damage caused by the Defendants' allegedly wrongful actions or the damage was not fully ascertainable, Staton was aware that he suffered some sort of injury as a result of the Defendants' allegedly wrongful actions. See Runkle, 916 N.E.2d at 192 (noting that the plaintiff knew or in the exercise of ordinary diligence should have known more than two years before she filed her complaint of the allegedly wrongful actions and that she had suffered some sort of injury as a result of the allegedly wrongful actions); see also Shideler, 275 Ind. at 282, 417 N.E.2d at 289 ("For a wrongful act to give rise to a cause of action and thus to commence the running of the statute of limitations, it is not necessary that the extent of the damage be known or ascertainable but only that damage has occurred"). Because Staton filed this action against the Defendants more than two years after his cause of action accrued, Staton's claim was barred by the statute of limitations. See Dickes v. Felger, 981 N.E.2d 559, 562-563 (Ind. Ct. App. 2012) (holding that the plaintiffs were aware of or could have discovered the alleged negligence and were aware that they had been damaged more than two years before they commenced their action and thus that the plaintiffs' claim was barred by the statute of limitations found at Ind. Code § 34-11-2-4 and the court properly granted summary judgment to the defendants). The trial court properly dismissed Staton's complaint.

CONCLUSION

For the foregoing reasons, we affirm the denial of Staton's motion to correct error and the dismissal of Staton's complaint.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.