Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 25 2014, 5:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ZACHARY J. EICHEL**
**MICHAEL L. EINTERZ**
Einterz & Einterz
Zionsville, Indiana

ATTORNEYS FOR APPELLEE:

**MICHAEL ROTH**
**BRETT T. CLAYTON**
Eichhorn & Eichhorn, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KARLA HART, )
         )
   Appellant/Defendant, )
         )
     vs. )   No. 49A02-1312-PL-1036
         )
DOUGLAS KADERABEK, M.D. )
         )
   Appellee/Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather A. Welch, Judge
Cause No. 49D12-1203-PL-11054

**August 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Karla Hart appeals the trial court's grant of summary judgment in favor of Dr. Douglas Kaderabek. Hart contends that the trial court erred in striking the second affidavit of her expert witness and, for that reason, improperly granted summary judgment to Dr. Kaderabek. Because the record shows that the affidavit in question was contradicted by the expert's previous deposition testimony, the trial court did not err in striking the affidavit, nor did the trial court err in granting summary judgment for Dr. Kaderabek. We affirm.

**Facts and Procedural History**

Dr. Kaderabek performed laparoscopic gallbladder surgery on Hart in October 2009. Hart tolerated the procedure well and left the surgical center that day. But two days later, Hart went to the hospital with severe abdominal pain, nausea, vomiting, and shortness of breath. A CT scan of Hart's abdomen revealed fluid around the lungs, a large amount of free abdominal fluid, and abnormal thickening of multiple small-bowel loops.

The following day, Dr. Kaderabek performed exploratory surgery to determine the cause of Hart's symptoms. During the surgery, the doctor discovered a perforation in Hart's intestines. Dr. Heseyin Aydin, who was assisting Dr. Kaderabek, noted in the operative records that the perforation was found near the third portion of the duodenum, or small intestine. Dr. Kaderabek was able to repair the perforation, but Hart remained hospitalized for two weeks.

Hart filed a medical-malpractice complaint against Dr. Kaderabek alleging that he had breached the standard of care by failing to obtain adequate informed consent, performing her gallbladder surgery improperly, and failing to timely recognize and treat the injury that arose from the surgery. In 2011 a medical review panel unanimously concluded that the evidence did not support the conclusion that Dr. Kaderabek failed to comply with the appropriate standard of care and that the conduct complained of was not a factor in Hart's damages. In May 2012 Dr. Kaderabek filed a motion for summary judgment. Hart filed a motion in opposition and tendered the affidavit of Dr. William Sobat. In his affidavit, Dr. Sobat expressed his opinion that Dr. Kaderabek had not met the standard of care in treating Hart. Appellant's App. p. 180. In a more detailed letter incorporated into his affidavit, Dr. Sobat explained that an injury near the third portion of the duodenum was highly unusual because that portion of the duodenum "would not normally be in the operative field" during surgery. *Id.* at 188. The trial court denied Dr. Kaderabek's summary-judgment motion. *Id.* at 192-97.

The parties began discovery, and Dr. Kaderabek's counsel deposed Dr. Sobat. During his deposition, Dr. Sobat reiterated his opinion that Dr. Kaderabek breached the standard of care by causing a perforation near the third portion of the duodenum. But Dr. Sobat frequently expressed confusion about how an injury at this location could have occurred without additional injuries, which Hart did not have. *Id.* at 87-88. Dr. Sobat also testified that Dr. Kaderabek repaired Hart's injury with a technique normally used when operating at the first or second portion of the duodenum. *Id.* at 88. Adding to Dr. Sobat's confusion was the fact that surgical records appeared to describe an injury at the

3

first or second portion of the duodenum—not near the third portion. *Id.* at 91. This led Dr. Sobat to expressly conclude that the injury did not occur near the third portion of the duodenum. *Id.* at 92 ("[T]hat is not where the injury occurred."). Dr. Sobat surmised that the injury actually occurred at the first or second portion of the duodenum, and that there had been an error in dictating the operative report. *Id.* at 96. Dr. Sobat explained that if the injury had occurred at the first or second portion of the duodenum, the injury would have been a "known and recognized complication" of gallbladder surgery and would not constitute malpractice. *Id.* at 95.

Dr. Kaderabek was deposed in April 2013. In his deposition, Dr. Kaderabek speculated that Hart's injuries were likely caused by a cautery burn at the first portion of the duodenum. *Id.* at 41. Dr. Sobat was then deposed a second time. Dr. Sobat testified that he no longer believed that Dr. Kaderabek had breached the standard of care in treating Hart. *Id.* at 146-47 ("My opinion . . . knowing that [the injury] was the first portion of the duodenum . . . would be that he . . . met the standard of care."). When asked if he was "withdrawing [his] opinion letter that [he] wrote when he first reviewed the case," Dr. Sobat said yes. *Id.* at 148. Dr. Sobat stated that the testimony of Dr. Aydin, who assisted in Hart's second surgery, would "seal the deal." *Id.*

Based on Dr. Sobat's revised opinion, Dr. Kaderabek filed a second summary-judgment motion in August 2013. In response, Hart filed another motion opposing summary judgment, accompanied by a new affidavit from Dr. Sobat. In his second affidavit, Dr. Sobat stated that he "did not intend to alter [his] opinion that Dr. Kaderabek rendered substandard care to Ms. Hart based upon the records and the actual facts of the

4

surgery as recorded." *Id.* at 291. Dr. Sobat stated that his opinion remained, "based upon the operative notes," that the injury to Hart occurred near the third portion of the duodenum. *Id.*

Dr. Kaderabek moved to strike Dr. Sobat's second affidavit. At this time, Dr. Kaderabek also tendered the affidavit of Dr. Aydin. Dr. Aydin confirmed that he dictated the operative report for Hart's second surgery. *Id.* at 321-22. Critically, he stated that during the second surgery, Dr. Kaderabek repaired a perforation "located in the area between the junction of the first and second portions of the duodenum." *Id.* at 322. Dr. Aydin explained that:

> I inadvertently dictated that the . . . perforation was at the junction of the second and third portion of the duodenum. *This was an error in dictation on my part*. The operative report should have reflected that the bowel perforation occurred at the 1st-2nd portions of the duodenum, in and around where the laparoscopic surgery to remove the gallbladder had taken place only two (2) days prior.

*Id.* (emphasis added).

After a hearing, the trial court granted Dr. Kaderabek's motion to strike Dr. Sobat's second affidavit. The court also granted Dr. Kaderabek's renewed summary-judgment motion, and Hart was ordered to pay Dr. Kaderabek's attorney's fees. Hart filed a motion to correct error, which the trial court denied.[1] Hart now appeals.

**Discussion and Decision**

Hart contends that the trial court erred by striking Dr. Sobat's second affidavit, and, for that reason, improperly granted summary judgment to Dr. Kaderabek.

---

[1] Hart did not challenge the order for attorney's fees in her motion to correct error, nor does she challenge the award on appeal.

5

We review a trial court's decision to admit or exclude evidence for an abuse of discretion, and we will reverse only when that decision is clearly against the logic and effect of the facts and the circumstances. *Coffer v. Arndt*, 732 N.E.2d 815, 822 (Ind. Ct. App. 2000) (citation omitted), *reh'g denied, trans. denied*. Erroneously excluded evidence requires reversal only if the error relates to a material matter or substantially affects the rights of the parties. *Id.* (citation omitted).

Affidavits in support of or in opposition to a summary-judgment motion are governed by Indiana Trial Rule 56(E), which provides, in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Because the requirements of Rule 56(E) are mandatory, a trial court considering a summary-judgment motion should disregard inadmissible information contained in supporting or opposing affidavits. *Hayes v. Trustees of Ind. Univ.*, 902 N.E.2d 303, 309 (Ind. Ct. App. 2009), *reh'g denied*, *trans. denied*. Further, the party tendering the affidavit bears the burden of establishing its admissibility. *Id.*

Here, Dr. Sobat's second affidavit clearly contradicted his previous testimony. In his second deposition—after declaring that Hart's injury could not have occurred near the third portion of the duodenum, and before he submitted his second affidavit—Dr. Sobat testified that he no longer believed that Dr. Kaderabek breached the standard of care in treating Hart. When asked if he was withdrawing his opinion that Dr. Kaderabek had

6

breached the standard of care, Dr. Sobat unequivocally stated that he was.[2]  Yet in his second affidavit, filed in support of Hart's motion opposing summary judgment, Dr. Sobat stated that he had not intended to alter his opinion that Dr. Kaderabek breached the standard of care. In her memorandum opposing summary judgment, Hart claims that Dr. Sobat's conflicting statements highlight "a critical factual dispute" precluding summary judgment—the true location of her injury.  Appellant's App. p. 276.  However, it is well settled that a summary-judgment opponent may not create a genuine issue of material fact simply by submitting an affidavit that directly contradicts prior, sworn deposition testimony.  *Coffer*, 732 N.E.2d at 822; *see also Gaboury v. Ireland Rd. Grace Brethren, Inc.*, 446 N.E.2d 1310, 1314 (Ind. 1983) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.").  Because Dr. Sobat's second affidavit directly contracted his previous deposition testimony, the trial court did not err in striking that affidavit.  *See Hayes*, 902 N.E.2d at 311 ("As paragraph 10 of Hayes' affidavit contradicts her sworn testimony, we find no abuse of discretion in striking it.").

Having concluded that the trial court properly struck Dr. Sobat's second affidavit, we likewise conclude that the trial court did not err in granting summary judgment to Dr. Kaderabek.  Summary judgment is proper only when the designated evidence shows that

---

[2] Throughout her Appellant's Brief, Hart claims that Dr. Sobat was merely responding to hypothetical questions posed by Dr. Kaderabek's counsel.  Appellant's Br. p. 5-9.  However, this argument is not supported by the record, which shows that Dr. Sobat unequivocally stated—many times—that he did not believe the injury occurred near the third portion of the duodenum. *See, e.g.*, *id.* at 92 ("[T]hat is not where the injury occurred.").  More importantly, Dr. Sobat was not responding to a hypothetical question when he stated that he was withdrawing his opinion that Dr. Kaderabek breached the standard of care in treating Hart. *Id.* at 148.

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anonymous Physician v. Wininger*, 998 N.E.2d 749, 751 (Ind. Ct. App. 2013). All facts and reasonable inferences therefrom are construed in a light most favorable to the nonmovant. *Id.*

The evidence that remained after the trial court struck Dr. Sobat's second affidavit supports the grant of summary judgment. Any dispute about where Hart's injury had occurred was settled by Dr. Aydin's affidavit: Dr. Aydin clearly stated that he made a notation error and the injury occurred at the first and second portions of the duodenum. Critically, Hart's own expert repeatedly opined that the injury occurred at the first or second portion of the duodenum, explaining that Hart did not have additional injuries that would have accompanied an injury to the third portion of the duodenum, Dr. Kaderabek repaired her injury with a technique normally used when operating at the first or second portions of the duodenum, and surgical records appeared to describe an injury at the first or second portion of the duodenum. And in his second deposition, Dr. Sobat expressly withdrew his opinion that Dr. Kaderabek breached the standard of care. In other words, he shared the opinion of the Medical Review Panel that Dr. Kaderabek had not committed malpractice. Because Hart failed to offer any admissible evidence that Dr. Kaderabek had breached the standard of care in treating her, the trial court did not err in granting summary judgment for Dr. Kaderabek.

Affirmed.

NAJAM, J., and BROWN, J., concur.