## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 22 2019, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| **APPELLANT PRO SE** | **ATTORNEY FOR APPELLEES** |
| Teresa Lorraine Sowski | David D. Becsey |
| Indianapolis, Indiana | Zeigler Cohen & Koch |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Teresa Lorraine Sowski, | November 22, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 19A-CT-940 |
| v. | Appeal from the Marion Superior Court |
| Bryan A. Mills and Tim M. Hobbs, | The Honorable Caryl F. Dill, Magistrate |
| *Appellees-Defendants* | Trial Court Cause No. 49D02-1901-CT-2501 |

**Robb, Judge.**

# Case Summary and Issue

[1] Teresa Lorraine Sowski filed with the Indiana Department of Insurance a proposed complaint for medical malpractice against Bryan Mills, Tim Hobbs, and Anonymous Doctor, alleging she received negligent medical care and/or treatment from each of them. Mills and Hobbs filed a petition for preliminary determination and motion for summary judgment in the trial court alleging that neither of them had a physician-patient relationship with Sowski. The trial court granted summary judgment to Mills and Hobbs and finding there was no just cause for delay, entered final judgment in their favor. Proceeding pro se, Sowski appeals the trial court's judgment, raising many issues which we consolidate and restate as whether the trial court erred in granting summary judgment to Mills and Hobbs.[1] Concluding the trial court did not err in granting the summary judgment, we affirm.

# Facts and Procedural History

[2] On August 16, 2018, Sowski filed with the Department of Insurance a proposed complaint for damages alleging that while she was hospitalized from August 19, 2016 through September 14, 2016, she received negligent medical care and/or treatment from Mills, Hobbs, and Anonymous Doctor. On August 24, 2018,

---

[1] Sowski's brief is essentially incomprehensible as it relates to the nature of her claim, Mills' and Hobbs' motion, and the trial court's order. We have attempted to address what we believe to be the crux of her appeal.

Sowski received a letter from the Department of Insurance informing her that Anonymous Doctor was a qualified health care provider, but Mills and Hobbs were not.

[3] On January 17, 2019, Mills and Hobbs filed in the trial court a petition for preliminary determination and motion for summary judgment alleging there was no physician-patient relationship between them and Sowski. In support of their motion, each submitted an affidavit. Mills' affidavit stated that he has been the president and chief executive officer of Community Health Network since 2009; that he is not a physician and has never held a license to practice medicine; that as a health care administrator, he does not "direct, consult, or become involved in any way with the health care provided to individual patients"; that he has never spoken with or made recommendations to Sowski or any of her health care providers; and that he had no knowledge of Sowski until she named him in a lawsuit. Corrected Appellees' Appendix, Volume II at 25. Hobbs' affidavit stated that he is trained as a family medicine physician; that in 2016, he was the Chief Physician Executive with Community Health Network "provid[ing] counsel and leadership to the network"; that he has never spoken to Sowski or any of her health care providers; that he did not "treat, see, care [for], [or] diagnose" Sowski, did not write any orders for her, and did not participate in any way in her admission to the hospital; and that he had no knowledge of Sowski until she named him in a lawsuit. *Id.* at 27. In addition, Anonymous Doctor filed an affidavit attesting that he was Sowski's admitting physician; that he never spoke with either Mills or Hobbs about Sowski; and

that neither Mills nor Hobbs were involved in any way with Sowski's presentation, admission, or hospitalization or made any recommendations about her care.

[4] Sowski was served with a copy of the petition for preliminary determination and motion for summary judgment. She thereafter filed a document containing over 150 pages of miscellaneous documents, none of which were relevant to the motion for summary judgment. The trial court held a hearing at which Sowski appeared but failed to make any coherent arguments against summary judgment. At the conclusion of the hearing, the trial court stated "there is no fact or law under which I can find that [Mills and Hobbs] treated [Sowski]." Transcript of the Record, Volume II at 9. The trial court subsequently entered a written order finding that there is no genuine issue of material fact and Mills' and Hobbs' motion for summary judgment should be granted. Sowski now appeals.

# Discussion and Decision

## I. Standard of Review

[5] Pursuant to Indiana Code section 34-18-11-1, a trial court may assert jurisdiction over threshold issues and preliminarily determine an issue of law or fact while a proposed complaint for medical malpractice is pending before the Department of Insurance. *Haggerty v. Anonymous Party 1*, 998 N.E.2d 286, 294 (Ind. Ct. App. 2013). The grant or denial of summary judgment on a motion for preliminary determination is subject to the same standard of review as any

other summary judgment ruling. *Jeffrey v. Methodist Hosps.*, 956 N.E.2d 151, 154 (Ind. Ct. App. 2011).

[6] Summary judgment is proper only when the designated evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anonymous Physician v. Wininger*, 998 N.E.2d 749, 751 (Ind. Ct. App. 2013); Ind. Trial Rule 56(C). The moving party "bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Giles v. Anonymous Physician I*, 13 N.E.3d 504, 509-10 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*. If the moving party meets this burden, then the nonmovant must designate evidence demonstrating a genuine issue of material fact. *Id*. All facts and reasonable inferences from the designated evidence are construed in a light most favorable to the nonmovant and any doubts as to the existence of a material issue are resolved in favor of the nonmovant. *Wininger*, 998 N.E.2d at 751.

## II. Duty

[7] The Medical Malpractice Act covers "curative or salutary conduct of a health care provider acting within his or her professional capacity, but not conduct unrelated to the promotion of a patient's health or the provider's exercise of professional expertise, skill, or judgment." *Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 185 (Ind. 2011) (citations omitted). "Malpractice" is "a tort or breach of contract based on health care or professional services that were

provided, or that should have been provided, by a health care provider, to a patient." Ind. Code § 34-18-2-18. Indiana Code section 34-18-2-13 defines "health care" as "an act or treatment performed or furnished, or that should have been performed or furnished, by a health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." And Indiana Code section 34-18-2-14 defines a "health care provider" in pertinent part as:

> (1) *An individual*, a partnership, a limited liability company, a corporation, a professional corporation, a facility, or an institution *licensed or legally authorized by this state to provide health care or professional services as a physician*, psychiatric hospital, hospital, health facility, emergency ambulance service (IC 16-18-2-107), dentist, registered or licensed practical nurse, physician assistant, certified nurse midwife, anesthesiologist assistant, optometrist, podiatrist, chiropractor, physical therapist, respiratory care practitioner, occupational therapist, psychologist, paramedic, advanced emergency medical technician, or emergency medical technician, or a person who is an officer, employee, or agent of the individual, partnership, corporation, professional corporation, facility, or institution acting in the course and scope of the person's employment.

(Emphasis added.)

[8] A plaintiff in a medical malpractice action must prove, as in any other negligence action, that the defendant owed a duty to the plaintiff, the defendant breached that duty by providing medical services that fell below the applicable standard of care, and the plaintiff suffered damages that were proximately caused by the defendant's breach. *Giles*, 13 N.E.3d at 510. The duty in a

medical malpractice action arises from the physician-patient relationship. *Miller v. Martig*, 754 N.E.2d 41, 46 (Ind. Ct. App. 2001). Thus, the physician-patient relationship is a legal prerequisite to a medical malpractice action. *Id.* In the absence of a physician-patient relationship, there is no duty and the entry of summary judgment is appropriate. *Id.*

[9] The designated evidence in this case is undisputed. Sowski claimed she received medical care and/or treatment from Mills and Hobbs. Mills designated evidence that he is not a licensed physician but a healthcare administrator. A "health care administrator" is not among the exclusive list of "health care providers" defined by the Medical Malpractice Act. *See* Ind. Code § 34-18-2-14; *Kroger Co. v. Estate of Hinders*, 773 N.E.2d 303, 306 (Ind. Ct. App. 2002) (noting pharmacists are not among the "carefully considered and exclusive list of health care providers afforded the protections of the Medical Malpractice Act"), *trans. denied*. As Mills is not a physician, there can be no physician-patient relationship giving rise to a duty to Sowski. And although Hobbs *is* a physician, he designated evidence showing he did not provide any treatment to Sowski. "[A] physician who does not treat a patient or perform some affirmative act regarding the patient has no physician-patient relationship and thus owes no duty to that patient." *Giles*, 13 N.E.3d at 511.

[10] Both Mills and Hobbs averred they had never even met Sowski and took no part in her care or treatment. Anonymous Doctor corroborated Mills' and Hobbs' statements that they were not involved with Sowski's care. Sowski's subsequent filing in no way refuted this designated evidence. Thus, the

designated evidence shows there is no genuine issue of material fact as to whether Mills and Hobbs owed a duty to Sowski. The trial court properly granted summary judgment to Mills and Hobbs.

# Conclusion

[11] Mills and Hobbs negated the element of duty in Sowski's medical malpractice claim and Sowski failed to show that there was a genuine issue of material fact. We therefore affirm the trial court's grant of summary judgment to Mills and Hobbs.

[12] Affirmed.

Mathias, J., and Pyle, J., concur.