Susan (Wood) RUNKLE,
Appellant–Plaintiff,

v.

Max A. RUNKLE, Fifth Third Bank,
Indiana (Central), and Jodi M.
Davis, Appellees–Defendants.

No. 49A05–0904–CV–200.

Court of Appeals of Indiana.

Oct. 28, 2009.

Neal F. Eggeson, Jr., Eggeson Appellate Services, Indianapolis, IN, Attorney for Appellant.

Michael F. Vertesch, Indianapolis, IN, Angela F. Parker, Gregory A. Bullman, Andrews, Harrell, Mann, Carmin & Parker, P.C., Bloomington, IN, Attorneys for Appellees.

## OPINION

BROWN, Judge.

Susan Runkle appeals the trial court's grant of summary judgment to Fifth Third Bank and Jodi Davis and the trial court's grant of summary judgment to Max Runkle. Susan raises three issues, which we revise and restate as:

I.    Whether the trial court erred by granting summary judgment to Max; and

II.   Whether the trial court erred by granting summary judgment to Fifth Third Bank and Davis.

We affirm in part, reverse in part, and remand.

The relevant facts follow. Susan and Max were married in 1973. At some point, Max obtained an equity loan from Fifth Third Bank. Davis was an employee of Fifth Third Bank and was "the notary on the loan." Appellant's Appendix at 84. On August 12, 2002, Susan filed a petition for dissolution of marriage in Johnson County.[1] On May 13, 2003, Max filed a Verified Financial Declaration, which contained the following under the headings "REAL ESTATE" and "Marital Residence:"

Name of lender first mortgage: Fifth Third Bank

Name of lender second mortgage: Fifth Third Bank

*Id.* at 75.[2] At some point, Susan contacted Fifth Third Bank and discovered that the signature on the equity loan did not match the signature on her signature card at Fifth Third Bank. On June 18, 2004, the trial court entered a decree of dissolution, which ordered that Max was liable for the entire amount of $18,740 due under the equity loan. The decree stated in part:

The Court does note that [Susan] has alleged that [Max] improperly executed her name to a second mortgage. Inasmuch as the parties have agreed that the indebtedness secured by such second mortgage is a marital debt, the allegation has not been taken into account in the division of the marital estate. In addition, [Susan] asserts that [Max] improperly reactivated certain credit cards post-legal separation. The debts have been allocated to [Max]. [Susan]'s asser-

tions are more appropriately a subject matter of other proceedings.

*Id.* at 114.

On June 3, 2005, Susan filed a complaint against Max, Fifth Third Bank, and Davis in Marion County. Susan alleged in Count I of her complaint that Max committed forgery and conversion and that he intended to defraud her. Susan alleged in Count II that Davis and Fifth Third Bank committed negligence. In Count III, Susan alleged that Fifth Third Bank breached its contractual and fiduciary duties.

On August 30, 2005, Max filed a motion to dismiss and argued that the trial court lacked subject matter jurisdiction because Susan's claims were "barred by the doctrine of res judicata/collateral estoppel" because the issue was addressed in the dissolution action. *Id.* at 38. Max attached an affidavit to his motion to dismiss and a number of exhibits including the dissolution decree. Susan filed a response to Max's motion to dismiss and attached exhibits including the dissolution decree. On February 17, 2009, the trial court granted Max's motion to dismiss "because [Susan]'s claim against [Max] is barred by the doctrine of collateral estoppel/issue preclusion." *Id.* at 24.

In August 2005, Fifth Third Bank and Davis filed a motion to dismiss Count III of Susan's complaint, which alleged breach of contract. In May 2006, the trial court granted Fifth Third Bank and Davis's motion. In November 2007, Fifth Third Bank filed a motion for summary judgment on the remaining count. In February 2008, Susan filed a response to Fifth Third Bank's motion for summary judgment, a designation of evidence, and mate-

---

1. The record does not contain a copy of Susan's petition for dissolution of marriage.

2. The Verified Financial Declaration listed the gross value for the marital residence as

$660,450, the liens/mortgages as $596,323, and the net value as $64,127, but did not list the amounts of the first mortgage or second mortgage.

rial issues of fact. Fifth Third Bank filed a motion to strike Susan's response, designation of evidence, and material issues of fact as untimely. The trial court granted Fifth Third Bank's motion.

In February 2009, the trial court granted Fifth Third Bank's motion for summary judgment as follows:

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND GRANTING OF SUMMARY JUDGMENT

On October 15, 2008, this matter came on for a hearing on Defendant, Fifth Third Bank's Motion for Summary Judgment against [Susan]. Fifth Third Bank's Motion requests judgment in Fifth Third Bank's favor on two (2) grounds: (1) that [Susan] filed her Complaint after the statute of limitation expires [sic], and (2) that [Susan] has failed, in response to Fifth Third Bank's discovery requests, to produce evidence to show that she can prove damages in this case.

At the hearing, [Susan] appeared by counsel, Neal Eggeson. Defendant, Fifth Third Bank, Indiana and Jodie [3] M. Davis, appeared by counsel, Greg Bullman. Defendant, Max Runkle, appeared in person and by counsel, Michael Vertesch and Jeff Eggers. Oral arguments of counsel were heard and considered. The Court, being duly advised in the premises and having reviewed the proposed entries provided by counsel, now makes the following Findings of Fact, Conclusions of Law and Summary Judgment:

### *Preliminary Matters*

1. By its Order of July 8, 2008, this Court struck as untimely the Response, Designation of Evidence, and Material Issues of Fact that [Susan] filed on February 15, 2008 in opposition to Fifth Third Bank's Motion for Summary Judgment.

2. The only evidence before this Court for ruling on this Motion for Summary Judgment is the evidence that has been designated by Fifth Third Bank.

### *Findings and Conclusions on Statute of Limitations Issue*

3. On June 3, 2005, [Susan] filed her Complaint against Defendants, Max [ ], Fifth Third Bank, Indiana and Jodie M. Davis. This case is ancillary to the divorce case of the parties filed in Johnson County under Cause Number 41D01–0208–DR00130.

4. The focus of [Susan]'s Complaint concerns the execution of an "Open–End Mortgage"; otherwise known as the "Second Mortgage" or "Home Equity Line" which was obtained by [Max] on November 10, 2000.

5. Defendant, Fifth Third Bank's, Motion for Summary Judgment argued that the negligence action brought against it by [Susan] is barred by the applicable two (2) year Statute of Limitations outlined in I.C. 34–11–2–4.

6. On May 13, 2003, [Max] signed and filed a "Verified Financial Declaration Of Husband/Father" in a dissolution proceeding against [Susan] that was pending in the Johnson Superior Court case.

7. The financial declaration disclosed the Open–End Mortgage; otherwise known at [sic] the "Second Mortgage.["] The Financial Declaration states:

Name of lender first mortgage: Fifth Third Bank

---

3. We note that Davis's first name is spelled "Jodi" on her appellee's brief.

Name of lender second mortgage: Fifth Third Bank

8. [Susan] was represented by counsel during the dissolution proceeding.

9. [Max]'s counsel served a copy of the Verified Financial Declaration of [Max] on [Susan]'s counsel. In Response to a request for Admission, [Susan] admitted that her attorney did in fact receive a copy of the Financial Declaration.

10. [Susan]'s attorney in the divorce case was [Susan]'s agent for the purposes of receiving documents that were filed in the dissolution action.

11. The two (2) year Statute of Limitations began to run when Plaintiff knew, or in the exercise of ordinary diligence, could have discovered that she sustained an injury as the result of the alleged wrongful act of another, namely [Max].

12. [Susan] knew or should have known about the Second Mortgage by May 13, 2003 when the Financial Declaration was filed.

13. However, [Susan] did not file her Complaint in this cause until June 3, 2005, which was two (2) years and three (3) weeks after she learned about the Second Mortgage.

14. [Susan]'s Complaint, therefore, was late and is barred by I.C. 34–11–2–4.

### Findings and Conclusions on Damages Issue

15. Fifth Third Bank served Interrogatories and Requests to Produce on [Susan], which, asked [Susan] to "itemize in complete detail" how the Second Mortgage issued by Fifth Third Bank had damaged her. [Susan] failed to produce evidence in response to Fifth Third Bank's discovery requests that she has been damaged by acts of Fifth Third Bank.

16. As noted above, [Susan]'s response was stricken from the record.

17. [Susan]'s remaining assertion from her discovery responses was that the Second Mortgage diminished her marital estate.

18. [Susan] claimed that the outstanding balance on the Second Mortgage created an $18,741.00 debt for the marital estate, and believed that her share of the estate in the divorce order was reduced by one-half (1/2) of that amount of $9,370.00. However, the Second Mortgage did not create a debt for [Susan]'s portion of the marital estate alone. Both parties were affected. The cash generated from the loan or its equivalent became an asset of the marital estate. Thus, while [Susan] is correct that the Second Mortgage created a debt of the entire marital estate, the estate received, in exchange, an asset of equal value.

19. Further, the allocation of assets and debts to each of the parties from the marital estate in the Johnson County divorce case is res judicata. The parties agreed to divide their assets and debts equally in the divorce.

20. Notwithstanding these facts, [Susan]'s request for damages also dealt with what happened after the Second Mortgage was issued. She claimed her credit rating had been harmed because her credit scores were pulled without her permission, that the Bank had turned her down for a credit card, and that she was unable to secure a lease in her own name; none of which she was able to prove. [Susan] did not establish the necessary elements of damage in her negligence claim against the Bank.

### Judgment

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that

[Susan]'s cause of action against Defendants, Fifth Third Bank, Indiana and Jodie M. Davis, is barred by I.C. 34–11–2–4 and Summary Judgment is GRANTED in favor of Defendants, Fifth Third Bank, Indiana and Jodie M. Davis, and against [Susan].

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that [Susan] has failed to produce evidence of damage that she has suffered due to any act of Fifth Third Bank and Summary Judgment is GRANTED in favor of Defendants, Fifth Third Bank, Indiana and Jodie M. Davis, and against [Susan].

Appellant's Appendix at 18–22.

## I.

The first issue is whether the trial court erred by granting summary judgment to Max. Initially, we note that Max's motion to dismiss was filed pursuant to Ind. Trial Rule 12(B)(1) and argued that the trial court lacked subject matter jurisdiction because Susan's claims were "barred by the doctrine of res judicata/collateral estoppel." Appellant's Appendix at 38. On February 17, 2009, the trial court granted Max's motion to dismiss for lack of subject matter jurisdiction "because [Susan]'s claim against [Max] is barred by the doctrine of collateral estoppel/issue preclusion." *Id.* at 24.

The Indiana Supreme Court has held that "[s]ubject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006). This court has previously held that "[t]he legal capacity of a party to prosecute its claim is a matter which affects the trial court's *jurisdiction*

*over the particular case*—not its jurisdiction over the subject matter." *Wildwood Park Cmty. Ass'n v. Fort Wayne City Plan Comm'n,* 182 Ind.App. 578, 583, 396 N.E.2d 678, 681 (1979). The Indiana Supreme Court has held that " 'jurisdiction over the particular case' is something of a misnomer and refers to failure to meet procedural requirements but does not constitute a limitation on subject matter jurisdiction in the sense that the court cannot hear cases of the same general class." *Packard v. Shoopman,* 852 N.E.2d 927, 929–930 (Ind.2006). Thus, we do not view Max's motion to dismiss as one for lack of subject matter jurisdiction.[4]

■ Max's motion to dismiss included a number of exhibits including the dissolution decree. Susan filed a response to Max's motion to dismiss and attached exhibits including the dissolution decree. Thus, both parties presented evidence outside the pleadings which the trial court considered. Therefore, we will review Max's motion to dismiss as a motion for summary judgment. *See* Ind. Trial Rule 12(B) ("If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."); *New Albany–Floyd County Educ. Ass'n v. Ammerman,* 724 N.E.2d 251, 255 n. 7 (Ind.Ct.App.2000) ("Although the trial court specifically granted Holman's motion to dismiss and did not rule on his motion for summary judgment, we must nevertheless treat the former as a motion for summary judgment on review."); *Galbraith v. Planning Dep't*

4. Susan argues that the trial court erred by dismissing her complaint with prejudice because it was based upon a lack of subject matter jurisdiction. We need not address Susan's argument because we conclude that Max's motion to dismiss did not implicate subject matter jurisdiction.

*of City of Anderson*, 627 N.E.2d 850, 852 (Ind.Ct.App.1994) (treating the trial court's dismissal of plaintiff's complaint as a summary judgment for the defendant when plaintiff submitted an affidavit and trial court acknowledged that it considered matters outside the pleadings); *Valley Federal Sav. Bank v. Anderson*, 612 N.E.2d 1099, 1101 (Ind.Ct.App.1993) ("When matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment.").

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold*, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974. "[A] motion for summary judgment that is unopposed should be granted only if the designated materials, regardless of whether they stand unopposed by materials designated by the nonmovant, warrant it." *Starks v. Village Green Apartments*, 854 N.E.2d 411, 415 (Ind.Ct.App.2006), *abrogated on other grounds by Klotz v. Hoyt*, 900 N.E.2d 1 (Ind.2009).

■ The trial court granted Max's motion for summary judgment "because [Susan]'s claim against [Max] is barred by the doctrine of collateral estoppel/issue preclusion." Appellant's Appendix at 24. On appeal, Susan argues that collateral estoppel did not apply because the dissolution court did not rule on the issue of forgery and points to the following statements in the decree of dissolution:

> The Court does note that [Susan] has alleged that [Max] improperly executed her name to a second mortgage. Inasmuch as the parties have agreed that the indebtedness secured by such second mortgage is a marital debt, the allegation has not been taken into account in the division of the marital estate. In addition, [Susan] asserts that [Max] improperly reactivated certain credit cards post-legal separation. The debts have been allocated to [Max]. [Susan]'s assertions *are more appropriately a subject matter of other proceedings.*

Appellant's Appendix at 114 (emphasis added). Based upon this excerpt of the dissolution decree, Susan argues that her forgery claim "was not included in the division of the marital estate," and the dissolution court "explicitly notified Susan that her forgery/fraud claim against [Max] would be an appropriate subject for other proceedings." Appellant's Brief at 22–23.

The Indiana Supreme Court has characterized collateral estoppel as a subdoctrine of res judicata, *Sweeney v. State*, 704 N.E.2d 86, 94 n. 11 (Ind.1998), *cert. denied*, 527 U.S. 1035, 119 S.Ct. 2393, 144 L.Ed.2d 793 (1999), and the Court has held that "[f]or principles of res judicata to apply, there must have been *a final judgment on the merits* . . . ." *Matter of Sheaffer*, 655 N.E.2d 1214, 1217 (Ind.1995) (emphasis added). *See also In re L.B.*, 889 N.E.2d 326, 333 (Ind.Ct.App.2008) ("Issue preclusion, also referred to as collateral estoppel, bars the subsequent relitigation of the same fact or issue where the fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action."); *Crosson v. Berry*, 829 N.E.2d 184, 192 (Ind.Ct.App. 2005) (discussing collateral estoppel and holding that "the former adjudication will

only be conclusive as to those issues that were actually litigated and determined therein"), *trans. denied.*

Here, we cannot say that a final judgment on the merits occurred or that the issue was necessarily adjudicated because: (1) Susan did not agree to forfeit her forgery claim against Max; and (2) the trial court's order stated that Susan's allegation regarding the second mortgage "has not been taken into account in the division of the marital estate" and Susan's "assertions *are more appropriately a subject matter of other proceedings.*" Appellant's Appendix at 114 (emphasis added). Thus, we cannot say that collateral estoppel applied. Accordingly, we conclude that the trial court erred in granting Max's motion for summary judgment.

## II.

The next issue is whether the trial court erred by granting Fifth Third Bank and Davis summary judgment. As previously mentioned, summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold,* 756 N.E.2d at 973. All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold,* 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974. "[A] motion for summary judgment that is unopposed should be granted only if the designated materials, regardless of whether they stand unopposed by materials designated by the nonmovant, warrant it." *Starks,* 854 N.E.2d at 415.

Where a trial court enters findings of fact and conclusions thereon in granting a motion for summary judgment, as the trial court did in this case, the entry of specific findings and conclusions does not alter the nature of our review. *Rice v. Strunk,* 670 N.E.2d 1280, 1283 (Ind.1996). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions thereon. *Id.* They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.*

▮▮ Susan argues that the trial court erred by finding that her action against Fifth Third Bank and Davis was barred by the statute of limitations. "In Indiana, statutes of limitation are favored because they afford security against stale claims and promote the peace and welfare of society." *Morgan v. Benner,* 712 N.E.2d 500, 502 (Ind.Ct.App.1999), *reh'g denied, trans. denied.* "They are enacted upon the presumption that one having a well-founded claim will not delay in enforcing it." *Id.* "The defense of a statute of limitation is peculiarly suitable as a basis for summary judgment." *Id.* at 502–503. Here, the trial court applied Ind.Code § 34–11–2–4, which provides that "[a]n action for ... (2) injury to personal property ... must be commenced within two (2) years after the cause of action accrues."

▮▮ "For an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred." *Cooper Indus., LLC v. City of South Bend,* 899 N.E.2d 1274, 1280 (Ind.2009). "Under Indiana's discovery rule, a cause of action accrues, and the statute of limitation begins to run, when a claimant knows or in exercise of ordinary diligence should have known of the injury." *Pflanz v. Foster,* 888 N.E.2d 756, 759 (Ind. 2008). The exercise of reasonable dili-

gence means simply that an injured party must act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. *Bambi's Roofing, Inc. v. Moriarty*, 859 N.E.2d 347, 356 (Ind.Ct.App.2006). "The determination of when a cause of action accrues is generally a question of law." *Cooper Industries, LLC*, 899 N.E.2d at 1280. "When application of a statute of limitation rests on questions of fact, it is generally an issue for a jury to decide." *Id.*

■■■ "The claimant bears the burden of bringing suit against the proper party within the statute of limitations." *Beineke v. Chemical Waste Mgmt. of Ind., LLC*, 868 N.E.2d 534, 539–540 (Ind.Ct. App.2007). "When the movant asserts the statute of limitations as an affirmative defense and makes a prima facie showing that the action was commenced outside of the statutory period, the nonmovant has the burden of establishing an issue of fact material to a theory that avoids the affirmative defense." *LaCava v. LaCava*, 907 N.E.2d 154, 162 (Ind.Ct.App.2009).

The designated evidence establishes that Max filed the five-page Verified Financial Declaration with the dissolution court on May 13, 2003. Max's Verified Financial Declaration contained the following under the headings "REAL ESTATE" and "Marital Residence:"

Name of lender first mortgage: Fifth Third Bank

Name of lender second mortgage: Fifth Third Bank

Appellant's Appendix at 75. (**Appellant's Appendix at 71, 73, 75**) The designated evidence reveals that Susan did not file her complaint with the trial court until June 3, 2005.

We conclude that Fifth Third Bank established as a matter of law that Susan (or her attorney) knew or in the exercise of ordinary diligence should have known more than two years before she filed her complaint that Fifth Third Bank had wrongfully issued a second mortgage on the marital residence. In the absence of any designated evidence that Max's Verified Financial Declaration was not promptly served on Susan's attorney in accordance with the Indiana Trial Rules, we conclude as a matter of law that she (or her attorney) knew or should have known prior to June 3, 2003, that she had suffered some sort of injury as a result of Fifth Third Bank's allegedly wrongful actions. *See Minnick v. Minnick*, 663 N.E.2d 1226, 1229 (Ind.Ct.App.1996) (noting that "attorneys have a general duty to regularly check the court records and monitor the progress of pending cases"); *Patton Elec. Co., Inc. v. Gilbert*, 459 N.E.2d 1192, 1194 (Ind.Ct.App.1984) ("It is the duty of an attorney to regularly check the court records and monitor the progress of pending cases.").

For the foregoing reasons, we reverse the trial court's grant of Max's motion for summary judgment, and affirm the trial court's grant of Fifth Third Bank's motion for summary judgment, and remand for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

CRONE, J., and MAY, J., concur.