## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
May 26 2015, 8:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Jason T. Myers
Plainfield, Indiana

ATTORNEYS FOR APPELLEES

David G. Field
Justin C. Wiler
Schultz & Pogue, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason T. Myers,

*Appellant-Defendant,*

v.

Anonymous Medical Group
Anonymous Physician

*Appellees-Plaintiffs*

Steve Robertson, Executive Director/Commissioner of Insurance, Indiana Department of Insurance,

*Interested Party.*

May 26, 2015

Court of Appeals Case No.
79A05-1411-CT-525

Appeal from the Tippecanoe Circuit Court

The Honorable Donald L. Daniel, Judge

Case No. 79C01-1307-CT-18

**Vaidik, Chief Judge.**

# Case Summary

Jason Myers's father died in November 2010 following surgery. More than three years later, Myers filed a medical-malpractice action against the physician and a medical group and requested the appointment of counsel. The physician and the medical group sought summary judgment on the grounds that the son's action was barred by the applicable statute of limitations. The trial court denied Myers's request for appointment of counsel and granted summary judgment in favor of the physician and the medical group. Because this action was time-barred by the applicable statute of limitations, we affirm the trial court.

# Facts and Procedural History

In October 2010, Dale Myers was admitted to Anonymous Hospital in Lafayette, Indiana, for surgical procedures necessitated by a persistent perianal fistula.[1] Dale was well-known to physicians because he had already had approximately twenty surgical procedures for his chronic perianal fistulas. Anonymous Physician was the assistant surgeon on the case. Dale — whose recovery was complicated by a fall, additional surgical procedures, and internal

---

[1] An anal fistula is "a small channel that develops between the end of the bowel, known as the anal canal, and the skin near the anus. The end of the fistula can appear as a hole in the skin around the anus." http://www.nhs.uk/conditions/Anal-fistula/Pages/Introduction.aspx (last visited May 6, 2015).

bleeding — died on November 4, 2010, which was also the last day the Anonymous Physician treated him.

[3] Jason Myers is Dale's son. On November 7, 2010, Myers, who was incarcerated at the Correctional Industrial Complex in Plainfield, was told by the prison chaplain that his father had died. Myers was allowed to telephone his brother, who told Myers that their father had died at Anonymous Hospital after his spleen ruptured and he bled to death following colon surgery. Myers, seeking to learn more about his father's death, attempted to obtain a death certificate. However, Indiana Department of Correction policy prohibited him from obtaining one.

[4] In December 2011, one year after his father's death, Myers contacted Anonymous Hospital in an attempt to obtain his father's medical records. The Hospital advised Myers that his request was not on the proper form and sent him the correct one, which requested the last four digits of his father's social-security number. Myers, however, did not have this number so he did not pursue his request for the medical records.

[5] In September 2012, while Myers was in court on an unrelated matter, he was given his father's death certificate. Myers was able to view his father's causes of death, which were listed as: 1. cardiac arrest secondary to hypotension[2]; 2.

---

[2] Hypotension is abnormally low blood pressure. http://www.nhlbi.nih.gov/health/health-topics/topics/hyp (last visited May 6, 2015).

hypotension and ischemia[3] due to internal bleeding; and 3. internal bleeding at spleen. Appellant's App. p. 117. Myers was also able to view his father's social-security number and again attempted to obtain his father's medical records from Anonymous Hospital. When Myers learned he would have to pay for the records, Myers did not pursue his request.

[6] One month later, on October 31, 2012, Myers attempted to file his first proposed complaint with the Indiana Department of Insurance. The complaint named Anonymous Hospital as a defendant but did not name Anonymous Physician or Anonymous Medical Group. Myers did not include the filing fee with his proposed complaint and was subsequently granted a fee waiver. His complaint was marked as filed by the Department of Insurance on February 6, 2013.

[7] In March 2013, Myers filed an amended proposed complaint against Anonymous Hospital. The complaint did not name either Anonymous Physician or Anonymous Medical Group as defendants. On September 4, 2013, Myers requested the appointment of counsel, which the trial court denied. On October 4, Myers made a formal request for production of medical documents, which he received on February 14, 2014.

---

[3] Ischemia is the medical term for what happens when the heart muscle doesn't get enough oxygen. http://www.webmd.com/a-to-z-guides/ischemia-topic-overview (last visited May 6, 2015).

[8] Myers filed a second amended proposed complaint wherein he named Anonymous Physician as a defendant on February 21, 2014. Six months later, Anonymous Physician filed a petition for a preliminary determination of law and summary judgment based on the statute of limitations. Specifically, Anonymous Physician argued that Myers had failed to file his proposed complaint within two years of November 4, 2010, the patient's date of death. On September 11, 2014, Myers filed both a third amended proposed complaint adding Anonymous Medical Group as a defendant as well as a response to Anonymous Physician's summary-judgment motion. In Anonymous Physician's reply to Myers's response, Anonymous Physician stated that the arguments contained in his summary-judgment motion and reply applied equally to Anonymous Medical Group.

[9] On October 8, 2014, the trial court issued an order granting summary judgment in favor of Anonymous Physician and Anonymous Medical Group. Specifically, the trial court concluded that Myers's claims were barred by the statute of limitations.

[10] Myers, pro se, now appeals.

# Discussion and Decision

[11] At the outset we note that Myers is proceeding pro se. Such litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

# I. Statute of Limitations

[12] Myers first argues that the trial court erred in concluding that his claim was barred by the statute of limitations and granting summary judgment in favor of Anonymous Physician and Anonymous Medical Group. When reviewing a grant of summary judgment, we apply the same standard as the trial court. *Anonymous Physician v. Wininger*, 998 N.E.2d 749, 751 (Ind. Ct. App. 2013). Summary judgment is proper only when the designated evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* All facts and reasonable inferences therefrom are construed in a light most favorable to the nonmovant. *Id.*

[13] Statutes of limitations are favored in Indiana because they afford security against stale claims and promote the peace and welfare of society. *Runkle v. Runkle*, 916 N.E.2d 184, 191 (Ind. Ct. App. 2009), *trans. denied*. They are enacted on the presumption that someone with a well-founded claim will not delay in enforcing it. *Id.* Further, the statute-of-limitations defense is particularly well suited as a basis for summary judgment. *Id.* When a movant asserts the statute of limitations as an affirmative defense and makes a prima facie showing that the action was untimely commenced, the nonmovant has the burden of establishing an issue of fact material to the theory that avoids the affirmative defense. *Id.* at 192.

The Medical Malpractice Act's statute of limitations is found in Indiana Code section 34-18-7-1(b), which provides that a claim against a health-care

professional based upon health care that was provided or should have been provided, must be filed within two years of the alleged act, omission, or neglect. This is an occurrence-based statute of limitations, which means that an action for medical malpractice generally must be filed within two years from the date the alleged negligent act occurred rather from the date it was discovered. *Houser v. Kaufman*, 972 N.E.2d 927, 933 (Ind. Ct. App. 2012), *trans. denied.* However, if the claimant does not discover the alleged malpractice and resulting injury, and does not possess the information that would lead a reasonably diligent person to such discovery during the two-year period, the occurrence-based limitation period is unconstitutional as applied. *Garneau v. Bush,* 838 N.E.2d 1134, 1141 (Ind. Ct. App. 2005), *trans. denied.* In such cases, it must be determined when the claimant possessed enough information that, in the exercise of reasonable diligence, should have led to the discovery of the alleged malpractice and resulting injury. *Id.* Reasonable diligence requires a claimant "to inquire into the possibility of a claim within the remaining limitations period, and to institute a claim within that period or forego it." *Herron v. Anigbo*, 897 N.E.2d 444, 459 (Ind. 2008), *reh'g denied*.

[14] Here, the last alleged negligent act occurred on November 4, 2010, the date the patient died. However, Myers did not file his complaint against Anonymous Physician until February 21, 2014, or against Anonymous Medical Group until September 11, 2014. Both dates are clearly outside the statute-of-limitations period. Myers, however, argues that the "earliest [he] could've discovered facts to learn of the malpractice and resulting injury would've been after receipt of

the September 28, 2012, delivered death certificate, which [his] February 21, 2014, Second Amended Complaint was well within two years of." Appellant's Br. p. 9.

[15] Although Myers claims that he did not discover the alleged malpractice until he received his father's death certificate in September 2012, our review of the evidence reveals that on November 10, 2010, three days after their father's death, Myers's brother gave him the very information contained in the death certificate. Specifically, Myers's brother told him that their father died at Anonymous Hospital after his spleen ruptured and he bled to death following colon surgery. Although he possessed this information that alerted him to the alleged malpractice and resulting injury, Myers waited thirteen months, until December 14, 2011, before contacting the hospital and requesting his father's medical records. After the hospital told Myers that his request was not on the proper form and sent him the correct one, which requested the last four digits of his father's social-security number, Myers delayed almost another year, until September 2012, before he again attempted to obtain his father's medical records from Anonymous Hospital. Myers did not exercise reasonable diligence in pursuing his claim, and the trial court did not err in concluding that his claim was barred by the statute of limitations and granting summary judgment in favor of Anonymous Physician and Anonymous Medical Group.[4]

---

[4] To the extent Myers asks us to toll the statute of limitations to accommodate his incarceration, we deny his request. The Indiana Supreme Court addressed a similar request in *Boggs v. Tri-State Radiology, Inc.*, 730

# II. Appointment of Counsel

Myers also argues that the trial court erred in denying his request for the appointment of counsel. Pursuant to Indiana Code section 34-10-1-2(b)(2), if a person does not have sufficient means to prosecute or defend an action, the court "may, under exceptional circumstances, assign an attorney to defend or prosecute the case." However, the court shall deny a request for an attorney if the person making the request is unlikely to prevail on his claim. Ind. Code § 34-10-1-2(d).

Here, our review of the evidence reveals that the statute of limitations began to run in November 2010. Myers did not file his request for appointment of counsel until almost three years later in September 2013. By that time, the statute of limitations had run out on his claim, and he was therefore unlikely to prevail on it. Under these circumstances, the trial court did not err in denying Myers's request for appointment of counsel.

Affirmed.

Kirsch, J., and Bradford, J., concur.

---

N.E.2d 692 (Ind. 2000), where Boggs argued that the statute of limitations operated as a practical bar by forcing medical-malpractice victims who suffer from terminal conditions to commence litigation and simultaneously battle for their lives. However, the Supreme Court concluded that although Boggs's point had some force, nothing prevented him or his deceased wife from initiating litigation within the statutory period or attempting to secure a waiver of the limitations period. *Id.* at 696. Rather, the Supreme Court pointed out that the legislature chose the benefits of certainty over the burdens that may be imposed and that such a scheme raised no inherent bar to a remedy and left the courts open to entertain the claim. *Id.* Similarly, in this case, nothing prevented Myers from initiating litigation within the statutory period.