

**FILED**

Nov 06 2015, 5:26 am

CLERK
of the supreme court,
court of appeals and
tax court

<table>
<tr><td>

ATTORNEYS FOR APPELLANT

Timothy F. Devereux
Dustin F. Fregiato
Ladendorf Law
Indianapolis, Indiana

</td><td>

ATTORNEY FOR APPELLEE

Jon R. Pactor
Indianapolis, Indiana

</td></tr>
</table>

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy Devereux, <br> *Appellant-Defendant,* <br><br> v. <br><br> Rene DiBenedetto, <br> *Appellee-Plaintiff.* | November 6, 2015 <br><br> Court of Appeals Case No. <br> 49A02-1411-CT-780 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Timothy Oakes, Judge; <br><br> Trial Court Cause No. <br> 49D13-1310-CT-37987 |

**May, Judge.**

[1] Timothy Devereux appeals the denial of his motion for summary judgment. He argues Rene DiBenedetto's claim against him was barred by the limitations period set forth in her contract with Conour Law Firm, LLC ("the Firm"). DiBenedetto argues Devereux is not a party to the contract she made with the Firm or, in the alternative, the contract's language shortening the limitations period was the product of unfair dealing, violated Rule of Professional Responsibility 1.8(h), and violates public policy. DiBenedetto cross-appeals, asserting the trial court erred when it did not rule on her motions to strike certain evidence Devereux designated. We affirm.

## Facts and Procedural History

[2] On April 25, 2010, DiBenedetto entered into a contract with the Firm to pursue damages stemming from an automobile accident. On July 1, 2010, DiBenedetto received a letter advising her that her case would be taken over by a new firm named Conour Devereux Hammond. She was advised by Conour that she could contact any of the attorneys on staff at Conour Devereux Hammond to discuss her case.

[3] In January 2011, the insurance company for the other driver involved in the automobile accident settled the suit and paid policy limits of $50,000.00. On January 13, 2011, DiBenedetto signed a Release in Full of all Claims and Rights, but reserved her right to maintain a claim for underinsurance against her own insurance company. DiBenedetto did not receive any money from the January 2011 settlement. At some point in the summer of 2011, DiBenedetto met with Devereux to inquire about the status of her case.

[4]     In September 2011, DiBenedetto's underinsurance claim against her insurance company was settled. The settlement check was dated October 11, 2011, and DiBenedetto signed the Release in Full of all Claims and Rights on November 29, 2011. DiBenedetto did not receive proceeds from the September 2011 settlement. Devereux left Conour Devereux Hammond on December 22, 2011.

[5]     On April 27, 2012, Conour was indicted on multiple counts of wire fraud involving the misappropriation of client funds. The Indiana media covered Conour's indictment, as well as his subsequent resignation from the Indiana Bar. Conour pled guilty and was incarcerated.

[6]     DiBenedetto filed a complaint against Devereux on October 11, 2013. She alleged Devereux breached a "duty to make sure that the law firm would make reasonable efforts to ensure that the firm had in effect measures giving reasonable assurance that all lawyers and non-lawyers in the firm conform to the Rules of Professional Conduct." (App. at 8.) DiBenedetto contended Devereux "is liable for Rene DiBenedetto's loss of settlement proceeds" by virtue of his employment relationship with Conour. (*Id*. at 9.)

[7]     On April 23, 2014, Devereux answered DiBenedetto's complaint and asserted the affirmative defense that her claims were barred by the limitations period as set forth in DiBenedetto's contract with the Firm. On June 6, 2014, Devereux

filed his first motion for summary judgment, making the same argument.[1] DiBenedetto moved to strike some of Devereux's designated evidence.

[8] The trial court held a hearing on the matter[2] on August 21, 2014, and on September 22, denied Devereux's motion for summary judgment in an order that contained no findings of fact. On October 16, the trial court certified the September 22 order for interlocutory appeal. We accepted jurisdiction.

## Discussion and Decision[3]

[9] We review summary judgment *de novo*, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Drawing all reasonable inferences in favor of the non-moving party, we will find summary judgment appropriate if the designated evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id*. A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences. *Id.*

---

[1] DiBenedetto argues the contract she signed with Conour Law, LLC, did not apply after she received a letter on July 1, 2010, indicating Conour Law Firm LLC would thereafter be named Conour Devereux Hammond. As we stated in *Devereux v. Love*, this change was one of name only, and no change of ownership occurred. 30 N.E.3d 754, 758 (Ind. Ct. App. 2015), *reh'g denied*. Furthermore, DiBenedetto did not sign a new contract with Conour Devereux Hammond.

[2] The transcript of this hearing is not included in the record.

[3] We held oral argument on this matter on October 19, 2015, in the Court of Appeals Courtroom. We commend counsel for their excellent advocacy.

The initial burden is on the summary-judgment movant to demonstrate there is no genuine issue of fact as to a determinative issue, at which point the burden shifts to the non-movant to come forward with evidence showing there is an issue for the trier of fact. *Id.* While the non-moving party has the burden on appeal of persuading us summary judgment was erroneous, we carefully assess the trial court's decision to ensure the non-movant was not improperly denied his day in court. *Id.*

Our summary judgment policies aim to protect a party's day in court. *Id.* While federal practice permits the moving party to show merely that the party carrying the burden of proof *lacks* evidence on a necessary element, we impose a more onerous burden -- to affirmatively negate an opponent's claim. *Id.* That permits summary judgment to "be precluded by as little as a non-movant's 'mere designation of a self-serving affidavit.'" *Id.* (quoting *Deuitch v. Fleming,* 746 N.E.2d 993, 1000 (Ind. Ct. App. 2001), *trans. denied*). Summary judgment is not a summary trial, and it is not appropriate just because the non-movant appears unlikely to prevail at trial. *Id.* at 1003-04. We "consciously err[] on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims." *Id.* at 1004.

In his motion for summary judgment, Devereux argued DiBenedetto's action was barred by the limitations period set forth in DiBenedetto's contract with the Firm because his services were included as part of that contract. The contract identified the Firm as "ATTORNEYS" and was signed by William Conour as

"ATTORNEYS" and DiBenedetto as "CLIENTS." (App. at 86.) Section 9.02 of the contract stated:

> CLIENTS and ATTORNEYS mutually agree that, regardless of any statute of limitation which may provide otherwise, any claim or dispute between them of any nature, i.e. common law, statutory, contractual or other, shall have a one year statute of limitations[4] and all claims not commenced within one year of the date the claim accrued shall be forever barred.

(*Id*. at 85) (footnote added). He argued, based on the date criminal charges were filed against Conour, DiBenedetto knew by April 27, 2012, that her settlement funds had been mishandled. DiBenedetto filed her complaint against Devereux on October 13, 2013, one year and almost six months later.[5]

[13] The limitations period for actions based on "injury to person or character" or "injury to personal property" is two years "after the cause of action accrues." Ind. Code § 34-11-2-4. "In Indiana, statutes of limitation are favored because they afford security against stale claims and promote the peace and welfare of society." *Runkle v. Runkle*, 916 N.E.2d 184, 191 (Ind. 2009) (quoting *Morgan v. Benner*, 712 N.E.2d 500, 502 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*).

---

[4] This language is likely in error. The contract cannot change the *statute* of limitations, but it can presumably change the limitations *period* in which a claim can be filed.

[5] As an aside, part of DiBenedetto's argument centers around her contention Devereux is not a party to her contract with Conour Law, LLC. It is undisputed Devereux was an employee of the Firm at all times relevant to DiBenedetto's claim and was therefore a party to the services contract DiBenedetto signed with the Firm. *See Galinis v. Lyons & Truitt*, 715 N.E.2d 858 (Ind. 1999) (Galanis, as the client's subsequent lawyer, was required to pay Lyons & Truitt, as the client's previous law firm, for work done by Lyons *and an associate* in preparation for the client's trial).

Whether a contractual provision is void because of public policy is a question of law. *Hi-Tec Properties, LLC v. Murphy*, 14 N.E.3d 767, 773 (Ind. Ct. App. 2015), *trans. denied*. Devereux argues the shortened limitations period of one year as set forth in the contract was permissible. He cites *New Welton Homes v. Eckman*, in which our Indiana Supreme Court observed, "contractual limitations shortening the time to commence suit are valid, at least so long as a reasonable time is afforded." 830 N.E.2d 32, 35 (Ind. 2005) (quoting *Summers v. Auto-Owners Ins. Co.*, 719 N.E.2d 412, 414 (Ind. Ct. App. 1999)), *reh'g denied*.

However, as we held in *Briggs v. Clinton County Bank and Trust Co.*, "[a] contract for legal services is governed by more strict rules than those applicable to a contract between parties on equal footing." 452 N.E.2d 989, 1004 (Ind. Ct. App. 1983), *reh'g denied*. Further, Indiana Rule of Professional Conduct 1.8(h) requires a client be "independently represented in making [an] agreement" that would "prospectively limit the lawyer's liability for malpractice[.]"

Neither party directs us to an Indiana decision that addresses shortening the period of limitations for legal action against an attorney. However, in a legal malpractice decision regarding a clause in a billing contract requiring the client to contest the bill within ten days or be bound by it, a California court held:

> [A] contractually shortened limitations period has never been recognized outside the context of straightforward transactions in which the triggering event for either a breach of contract or for the accrual of a right is immediate and obvious. Moreover, no decision upholding the validity of a contractually shortened limitation period has done so in the context of an action against a professional or skilled expert where breach of duty is more difficult to detect. Instead, most reported

decisions upholding shortened periods involve straightforward commercial contracts plus the unambiguous breaches or accrual of rights under those contracts.

*Charnay v. Cobert*, 51 Cal. Rptr. 3d 471, 481 (Cal. Ct. App. 2006) (quoting *Moreno v. Sanchez*, 131 Cal. Rptr. 2d 684, 695 (Cal. Ct. App. 2003), *review denied*). *See also, generally*, B.H. Glenn, *Validity of contractual time period, shorter than statute of limitations, for bringing action*, 6 A.L.R.3d 1197 (2015) (examining the validity of a variety of shortened limitation periods; noting: "To successfully attack a contract period of limitation as invalid, counsel must ordinarily allege and prove that the specified period . . . was so short under the circumstances as to show imposition or undue advantage.").

DiBenedetto was not represented when she contracted with the Firm. Conour, and by extension, Devereux, were in a superior bargaining position by virtue of their attorney status. *See Matter of Myers*, 663 N.E.2d 771, 774-75 (Ind. 1996) ("Lawyers almost always possess the more sophisticated understanding of fee arrangements. It is therefore appropriate to place the balance of the burden of fair dealing and the allotment of risk in the hands of the lawyer in regard to fee arrangements with clients."). The clause shortening the time to file an action against the Firm benefitted solely the law firm, as it removed DiBenedetto's ability to file a claim of which she might have been unaware despite due diligence.

## Conclusion

We agree with the *Charnay* analysis and find it consistent with Indiana Rule of Professional Conduct 1.8(h). The clause in DiBenedetto's contract with the Firm that shortens the time for filing a lawsuit violates public policy and is void. Therefore, the trial court properly denied Devereux's motion for summary judgment.[6] We expressly decline to comment on the merits of DiBenedetto's action against Devereux. The opinion should be read to address the issue of the limitations clause found in the contract between DiBenedetto and the Firm, and nothing else. We affirm the decision of the trial court.

Vaidik, C.J., and Robb, J., concur.

---

[6] As we affirm the denial of the motion for summary judgment, we need not address DiBenedetto's cross-appeal of the trial court's failure to rule on her two motions to strike certain evidence Devereux offered.